334 So.2d 167 (1976)
The STATE of Florida, Appellant,
v.
Anthony MUSCARA, Appellee.
No. 75-1126.
District Court of Appeal of Florida, Third District.
June 2, 1976.
*168 Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Angus M. Stephens, Jr., Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Chief Judge.
The appellant, prosecution in the trial court, seeks review of an order of the trial court suppressing tapes of a telephone conversation with the appellee and a third party, and tapes made of conversations between police officers and the appellee. The appellee was charged with buying, receiving, and concealing stolen property.
On August 17, 1974, one Henry Isom was arrested; he gave the police certain information involving the appellee. Thereafter, on August 19, 1974 at about 4:24 P.M., Isom made a call to the appellee to set a meeting with police officers LaVoie and Cataldo to allegedly purchase stolen shoes; this conversation was taped. At approximately 6:00 P.M. on the same date, the meeting took place as arranged, at which time the officers were wired with transmitters and the conversations were recorded. Price and quantity were agreed upon, and a meeting was set for the next day to consummate the sale. The meeting took place and the conversations were again recorded. When the sale was consummated, the appellee was arrested and charged with buying, receiving, and concealing stolen property.
The cause ultimately came on for non-jury trial, at which time the appellee objected to admissibility of the tapes of the aforementioned conversations, on the ground said conversations were not recorded pursuant to a warrant and that Isom did not appear to testify as to his consent to the recording of his original telephone call; therefore, the tape of that call and subsequent tapes or evidence obtained through the initiation of that call were *169 inadmissible. The trial court ordered suppression of all these tapes and this interlocutory appeal follows.[1]
The appellant concedes that Isom's failure to appear and testify as to his consent to recording of the original telephone conversation would render said recording inadmissible; however, his failure to testify does not affect the admissibility of those recorded conversations between the officers and the appellee. United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380; Washburn v. State, 19 Md. App. 187, 310 A.2d 176. Therefore, the appellant contends it was error to suppress those recordings and the evidence derived therefrom.
The appellee contends that the trial court was correct, on the ground that the recording of the initial telephone conversation was clearly inadmissible under the holding of Tollett v. State, Fla. 1973, 272 So.2d 490, and that the second and third were likewise inadmissible under the same decision. We agree that, under Tollett v. State, supra, the initial taped conversation was inadmissible without Isom's testimony. But the tapes made by the police officers at the time of the second conversation were admissible, as the officers were available to testify and they never had an opportunity to secure an intercept warrant. This lack of opportunity to secure an intercept warrant distinguishes this case from that part of the Tollett v. State, supra case, wherein the court, in effect, held that four days was sufficient time to secure an intercept warrant.
A more difficult question arises as to the third taped conversation. This time the officers knew where they were to meet the appellee and others, what was to take place, etc., and they had ample time in this metropolitan area to secure an intercept warrant. Therefore, we hold that the trial judge properly suppressed this taped conversation because it amounted to an unlawful intercept. Tollett v. State, supra.
The appellee contends that the tapes of the first conversation being inadmissible, all other tapes and evidence were tainted and, therefore, inadmissible as fruits of the poisonous tree. Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341. We disagree. The initial tape was not illegal; it was only inadmissible because of the failure of the State to produce Isom as a witness. It was not in the same category as the third set of tapes. Therefore, we sustain the trial court's suppression of the first and third conversations, but reverse as to the order suppressing the second conversation, and return the matter to the trial court for purposes of trial in conformity with the above.
At such time as this matter is re-tried, the transcript of the first tape may be admitted into evidence if it is properly identified by Isom. The transcript of the second tape may be admitted into evidence upon identification by the officers present at the time of its recording. Also, the State may offer the testimony of the officers who participated in the meetings with Muscara, and they can testify as to what they heard and observed just as though no taping had occurred at the last meeting.
The order under review is affirmed in part, quashed in part, and the matter is returned to the trial court with directions.
NOTES
[1] Apparently, from the record, the trial court reserved ruling on the motion to suppress until the time of trial.