HENDRY, Chief Judge.
Appellant, defendant below, appeals his conviction and sentence for the attempted sale or delivery of a controlled substance (cocaine), in violation of Section 776.04, Florida Statutes (1973).
In seeking reversal of his conviction, appellant has raised three points on appeal. Firstly, appellant contends that the trial court erred in precluding defense counsel from eliciting the address of a confidential informant on cross-examination, in violation of the sixth and fourteenth amendments to the United States Constitution.
We rejected this same contention in a prior appeal brought by appellant to this court from a separate conviction involving the same confidential informant and arising from the same series of drug transactions. See Crespo v. State, 344 So.2d 598 (Fla.3d DCA 1977). In that case, we opined as follows:
“Arthur Moore, a confidential informant, was a key witness for the prosecution. There was no concealment of his identity. The ruling related only to his present address. Here the withholding of the present address of the witness Moore was not without some basis therefor in the interest of the witness and the State. Those factors may not have been of the kind sufficient to have justified the ruling, if disclosure of Moore’s address had been essential in order for him to be properly placed in his environment. However, in this instance revelation of the then present address of the witness was not needed for that purpose. The defendant Crespo had known the witness Moore in Key West for seven or eight *509 years. . . . Thus, without his present address disclosed, the witness was sufficiently placed in his environment for the purpose of cross-examination, and as his environment might avail the jury in weighing his general credibility.” [Citations omitted.] Supra at 599.
We adopt this court’s ruling as set forth above and apply it sub judiee, rejecting appellant’s contention.
Appellant next claims error on the part of the trial court in restricting the extent of his cross-examination of the informant-Moore on two important factual issues, to-wit: the amount Moore was paid in return for his testimony and whether there were pending criminal charges against Moore. After a careful review of the record, it is our opinion that, notwithstanding the trial court’s restriction, defense counsel did in fact elicit from Moore the information sought. As such, any error committed by the trial court would be harmless, as appellant’s rights were not injuriously affected. See Section 924.33, Florida Statutes (1975).
Lastly, appellant contends that the trial court erred in admitting into evidence tape recorded conversations between the informant and him without an intercept warrant having first been obtained by the authorities. In that the confidential informant was present at trial and testified as to both the contents of the conversation and his consent to the taping of said conversation, we find no violation of appellant’s fourth amendment rights. Tollett v. State, 272 So.2d 490 (Fla.1973); State v. Muscara, 334 So.2d 167 (Fla.3d DCA 1976).
In addition, after carefully reviewing the record, we are of the opinion that, notwithstanding appellant’s contention to the contrary, the State provided an adequate predicate as to the authenticity of the recorded conversation enabling the tapes of said conversation to be introduced into evidence. See Gomien v. State, 172 So.2d 511 (Fla.3d DCA 1965).
Accordingly, appellant’s conviction and sentence are hereby affirmed.
Affirmed.