385 So.2d 1044 (1980)
STATE of Florida, Appellant,
v.
Kelly SCOTT and Lawrence O. Kelly, Appellees.
No. PP-341.
District Court of Appeal of Florida, First District.
June 10, 1980.
Rehearing Denied July 29, 1980.
*1045 William E. Whitley, Asst. State's Atty., Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellant.
Michael J. Minerva, Public Defender, David J. Busch, Asst. Public Defender, for appellees.
LARRY G. SMITH, Judge.
The State appeals an order suppressing tape recordings of conversations between appellees, Scott and Kelly, and an informant working as an agent of the Alachua County Sheriff's Department, in connection with controlled purchases of illegal drugs from appellees. The State contends that the tape recording of the conversations violates neither Article I, Section 12, Florida Constitution, nor the Fourth Amendment, U.S. Constitution, and that no intercept warrant was required (under Chapter 934, Florida Statutes), because the informant participating in the conversations gave prior consent for the recording, and the purpose of the interception was to obtain evidence of a criminal act. We agree that it was error to suppress the tape recordings, and we reverse.
The informant, King, in exchange for resolution of criminal charges pending against her, agreed to work as an agent at the direction of law enforcement officers to provide evidence of illicit drug traffic in Gainesville. On two occasions, according to the State, she entered the home of Scott and purchased cocaine. Each time she voluntarily consented to wear a concealed microphone and transmitter, by means of which each of the drug transactions was tape recorded by officers outside the home. Appellee Kelly allegedly was present and participated in both sales. It is conceded that no intercept warrant was obtained, and no contention is made by the State that the officers had insufficient time to obtain a warrant.
Section 934.03(2)(c), Florida Statutes (1977), provides:

*1046 (c) It is lawful under this Chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
It is clear that no warrant (as authorized by Section 934.07, Florida Statutes (1977)) was required for this interception made with the cooperation of informant King, because the requirements of the above quoted statute were satisfied. King, a party to the conversation, had given her prior consent, she was working under the direction of law enforcement officers, and the recording of her conversation with appellees was for the purpose of obtaining evidence of a criminal act.
The applicable Florida Constitutional provision, Article I, Section 12 (Florida Constitution, as amended 1968), provides:
SECTION 12. Searches and Seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of the evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.
It is now well-established in Florida law that the above constitutional prohibition against the "unreasonable interception of private communications" may be satisfied either by obtaining a warrant (under Section 934.07), or by assuring that one of the parties to the communication has given prior consent to the interception, and, if consent is relied upon, such consent is evidenced by the testimony of the consenting party, subject to cross-examination, as a condition precedent to the introduction of the recording into evidence. Tollett v. State, 272 So.2d 490 (Fla. 1973); and Franco v. State, 376 So.2d 1168 (Fla. 3rd DCA 1979).
It is equally clear that there is no Fourth Amendment impediment to the surreptitious recording of criminally incriminating conversations between a consenting police agent or informant and one who has been or is engaged in criminal activity. Tollett v. State, supra. The opinion in Franco v. State, supra, addressed the point as follows:
The law is well established that the use of secret informers by the government is not per se unconstitutional and the Fourth Amendment does not protect a wrongdoer's misplaced belief that a person to whom he voluntarily confides, his wrongdoing will not reveal it. Lewis v. United State, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d [374] (1966); see also Walker v. State, 222 So.2d 760 (Fla. 3rd DCA 1969), and cases cited therein. The above principle is applicable to Article I, Section 12 of the Florida Constitution (1968) and is codified in Section 934.03(2)(c), Florida Statute (1975)....
The Florida Supreme Court in Tollett v. State, supra, relying upon United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1970), recognized that the Fourth Amendment does not forbid electronic surveillance made with the consent of one or more of the conversants. The opinion in United States v. White, by Mr. Justice White (joined by Mr. Justice Stewart, who authored the opinion for the court in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)),[1] contains the following discussion of electronic broadcasts *1047 and recording by a consenting party to a conversation:
The Court of Appeals understood Katz to render inadmissible against White the agents' testimony concerning conversations that Jackson broadcast to them. We cannot agree. Katz involved no revelation to the Government by a party to conversations with the defendant nor did the Court indicate in any way that a defendant has a justifiable and constitutionally protected expectation that a person with whom he is conversing will not then or later reveal the conversation to the police.

Hoffa v. United States, 385 U.S. 293 [87 S.Ct. 408, 17 L.Ed.2d 374] (1966), which was left undisturbed by Katz, held that however strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with the authorities. In these circumstances, "no interest legitimately protected by the Fourth Amendment is involved," for that amendment affords no protection to "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." Hoffa v. United States, at 302 [87 S.Ct. at 413.] No warrant to "search and seize" is required in such circumstances, nor is it when the Government sends to defendant's home a secret agent who conceals his identity and makes a purchase of narcotics from the accused, Lewis v. United States, 385 U.S. 206 [87 S.Ct. 424, 17 L.Ed.2d 312] (1966), or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence. Lopez v. United States, 373 U.S. 427 [83 S.Ct. 1381, 10 L.Ed.2d 462] (1963).
Appellees argue, in support of the trial judge's suppression order (1) that notwithstanding the prior consent of a party to the conversation, the intercept evidence is not admissible unless a warrant has been obtained, where it is practicable to secure a warrant; and (2) there is an increased expectation of privacy in conversations in the home, so that while a wrongdoer may have no constitutional protection against the testimony of the informant concerning what occurred, the risk of disclosure assumed by the wrongdoer does not extend to the possibility that his private conversation is being monitored and recorded by others outside the home. Appellees' contentions are based almost entirely upon the Third District's decision in Sarmiento v. State, 371 So.2d 1047 (Fla. 3rd DCA 1979).[2]
There are several reasons why we find the Sarmiento decision cannot be relied upon to support the order of suppression. First, the facts in Sarmiento materially differ from those in this case. Sarmiento involved the admissibility of testimony of officers who engaged in "warrantless electronic eavesdropping" (id. at 1049), accomplished by means of a hidden electronic "body bug" worn by an undercover officer which transmitted his conversations with the defendant, inside defendant's house trailer, to where they were electronically monitored by other officers stationed nearby outside the house trailer.[3] In contrast, this case involves admissibility of tape recordings of the conversation conducted inside appellee's home, rather than admissibility of testimony of officers concerning unrecorded conversations overheard by means of electronic eavesdropping.
The second reason for our rejection of appellees' arguments based upon Sarmiento, is that it relied upon a prior decision of the same court, State v. Muscara, 334 So.2d 167 (Fla. 3rd DCA 1976), for the proposition that even where prior consent of one party to the communication has been obtained, electronically intercepted conversations are inadmissible unless obtained by means of an *1048 intercept warrant, unless the State demonstrates that it was not practicable under the circumstances for the police to have applied for and obtained such a warrant. However, in Franco v. State, supra, the Third District receded from this holding of Muscara.
The third reason why we find Sarmiento inapplicable is that it is based in part upon the same court's earlier decision in Hajdu v. State, 189 So.2d 230 (Fla. 3rd DCA 1966), for the proposition that it is a violation of both the federal and Florida constitutions[4] for government agents to electronically eavesdrop without a warrant on a private conversation between the defendant and an undercover police officer in the privacy of the defendant's home and thereafter to testify in court as to what they overheard. Appellees have overlooked significant statements by the Hajdu court regarding what its decision would have been had the facts in that case been analogous to those in this case; that is, if the issue had been admissibility of recordings of the conversation. In Hajdu, the informant, White (an employee of a private detective agency working for the State Board of Medical Examiners) carried a radio transmitter on her person by means of which her conversations with the defendant inside his apartment were electronically transmitted and monitored by a witness outside. The issue was admissibility of the outside witnesses' testimony, not admissibility of testimony of the witness White as to what transpired, and there were no tape recordings involved. It is clear what the result would have been had the issue been the same as in this case, that is, the admissibility of tape recordings of the in-house testimony. The Hajdu court stated:
The person in the instant case who is analogous to the witness in the Gomien [v. State, 172 So.2d 511 (Fla.App.)] case was the witness White, and she was permitted to testify as to what transpired in the appellant's premises. And, if she had recorded the conversation, then upon proper authentication [if otherwise admissible] any such transcription would have been admissible under Gomien v. State, supra; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, and other authorities.
We recognize and appreciate the concerns voiced by Judge Hubbart, writing for the court in Sarmiento, and dissenting in Franco. But we agree with Judge Hubbart, as he acknowledged in Franco v. State (at 1171) that the views he expresses have not prevailed in cases interpreting the Fourth Amendment; and with the Third District's recession from Muscara, these views obviously have not prevailed as an interpretation of the Florida Constitution. While we may agree philosophically that "a person should have a reasonable expectation of privacy whenever he talks to another person that a verbatim tape recording is not being made of the conversation," (Franco, dissent page 1171), we disagree that the protection of the constitution should be extended to communications evidencing criminal transactions, disclosed and recorded by prior consent of one of the participating communicants, when the consent and the valid purposes of the interception are properly authenticated as required by Tollett v. State. We find the logic and reasoning of Mr. Justice White in United States v. White, supra, especially compelling on this point:
Concededly a police agent who conceals his police connections may write down for official use his conversations with a defendant and testify concerning them, without a warrant authorizing his encounters with the defendant and without otherwise violating the latter's Fourth Amendment rights. Hoffa v. United States, 385 U.S., at 300-303 [87 S.Ct., at 412-14.] For constitutional purposes, no different result is required if the agent instead of immediately reporting and transcribing his conversations with defendant, either (1) simultaneously records them with electronic equipment which he is carrying on his person, Lopez v. United *1049 States, supra; (2) or carries radio equipment which simultaneously transmits the conversations either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency. On Lee v. United States [343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270] supra. If the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks.
* * * * * *
... So far, the law permits the frustration of actual expectations of privacy by permitting authorities to use the testimony of those associates who for one reason or another have determined to turn to the police, as well as by authorizing the use of informants in the manner exemplified by Hoffa and Lewis. If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case. See Lopez v. United States, 373 U.S. 427 [83 S.Ct. 1381, 10 L.Ed.2d 462] (1963).
* * * * * *
Nor should we be too ready to erect constitutional barriers to relevant and probative evidence which is also accurate and reliable. An electronic recording will many times produce a more reliable rendition of what a defendant has said than will the unaided memory of a police agent. It may also be that with the recording in existence it is less likely that the informant will change his mind, less chance that threat or injury will suppress unfavorable evidence and less chance that cross-examination will confound the testimony. Considerations like these obviously do not favor the defendant, but we are not prepared to hold that a defendant who has no constitutional right to exclude the informer's unaided testimony nevertheless has a Fourth Amendment privilege against a more accurate version of the events in question.
It is thus untenable to consider the activities and reports of the police agent himself, though acting without a warrant, to be a "reasonable" investigative effort and lawful under the Fourth Amendment but to view the same agent with a recorder or transmitter as conducting an "unreasonable" and unconstitutional search and seizure. Our opinion is currently shared by Congress and the Executive Branch, Title III, Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 212, 18 U.S.C. § 2510 et seq. (1964 Ed., Supp. V), and the American Bar Association. Project on Standards for Criminal Justice, Electronic Surveillance, § 4.1 (Approved Draft 1971). It is also the result reached by prior cases in this Court. On Lee, supra; Lopez v. United States, supra.
We find it unnecessary to pass upon the question involved in Sarmiento, that is, whether under the Florida Constitution testimony of the recording officers, standing alone, as opposed to the tape recording itself, and testimony concerning the making of the tape recording, would be admissible, since that question is not presented to us. We further conclude that no distinction logically can be made, as suggested by appellee, on the basis that the transaction here occurred in the home of appellee. We note that one of the conversations involved in United States v. White, supra, took place in the home of the accused; and in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), some took place in the defendant's hotel suite. See also Hajdu v. State, supra. We emphasize, however, that these cases require consent by one party and do not authorize either wiretapping or electronic eavesdropping by means of an unlawful invasion of premises in order to obtain such evidence.
*1050 The order appealed from is reversed, and the cause is remanded for further proceedings.
MILLS, C.J., and SHIVERS, J., concur.
NOTES
[1] Mr. Justice White's opinion in United States v. White was joined in by Chief Justice Burger, and Justices Stewart and Blackmun. Mr. Justice Black concurred in the result, based upon his opinion, expressed in his dissent in Katz v. United States, supra, that the Fourth Amendment has no application to electronic "eavesdropping."
[2] Pending on determination of jurisdiction in Florida Supreme Court, Case No. 57-173.
[3] Note however, that such evidence is clearly admissible under decisions of the Supreme Court of The United States, United States v. White, supra.
[4] Hajdu v. State, supra, was decided prior to 1968 amendment, Article I, Section 12, Florida Constitution, above quoted.