397 So.2d 1205 (1981)
Horace PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. WW-175.
District Court of Appeal of Florida, First District.
May 7, 1981.
*1206 Joseph L. Hammons, Pensacola, for appellant.
Jim Smith, Atty. Gen., and Miguel Olivella, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence entered upon a charge of possession of a firearm by a convicted felon. We affirm the order appealed.
Among other contentions, appellant argues that tape recordings of appellant's conversation with an informant should not have been admitted into evidence. The tape recordings were of conversation which occurred in a restaurant, in appellant's truck, and at an outdoor rural setting. The tape recordings were obtained under the direction of law enforcement personnel, to obtain evidence of criminal activity, and with the prior consent of a participant to the conversation (the informant, who wore a "body bug") who testified at the trial. Section 934.03(2)(c), Florida Statutes, thus authorized the warrantless interception, by tape, of the subject conversations, and the tapes were properly admitted into evidence. See State v. Shaktman, 389 So.2d 1045 (Fla. 3d DCA 1980); cert. denied, 397 So.2d 779 (Fla. 1981); Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980); cert. denied, 397 So.2d 778 (Fla. 1981); State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980). The present case is unlike State v. Sarmiento, 397 So.2d 643, 1981 F.L.W. 85 (Fla. 1981), petition for rehearing filed January 29, 1981, in that Sarmiento involved testimony by persons not a party to the conversation which occurred in the home of Sarmiento.
The order appealed is affirmed.
SHIVERS and WENTWORTH, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.