409 So.2d 1059 (1982)
Jeffrey Michael HURST, Appellant,
v.
STATE of Florida, Appellee.
No. ZZ-197.
District Court of Appeal of Florida, First District.
January 28, 1982.
Rehearing Denied March 10, 1982.
Bill Salmon, Gainesville, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., for appellee.
SHAW, Judge.
Appellant was arrested and charged with possessing and delivering controlled substances, possessing paraphernalia and carrying a concealed weapon. The paraphernalia count was dismissed on October 21, 1980, and appellant entered a plea of nolo contendere to Count II of the information charging him with delivery of a controlled substance. He specifically reserved his right to appeal the trial court's denial of his motions to suppress physical and oral evidence obtained as a result of an alleged illegal arrest, information obtained via the "body-bug" placed on the confidential informant, and items seized from his pickup truck pursuant to an allegedly defective search warrant.
On April 24, 1980, Sonny Huddleston was stopped by officers of the Narcotics and Organized Crime Unit of the Gainesville Police Department and told that he would be arrested unless he cooperated with the officers. The next day Huddleston, acting as an undercover agent, contacted the defendant at his home by telephone and made arrangements to meet him behind the Maas Brothers Store in Gainesville, Florida. This conversation was recorded without benefit of a warrant or court order. Pursuant to arrangements made over the telephone, Huddleston and the defendant met at approximately 1:00 p.m. on April 25, and Huddleston entered the defendant's vehicle wearing a "bodybug." As a result of a drug-related conversation overheard by the officers, the appellant was removed from *1060 his truck and detained while a search warrant was obtained. A search of the vehicle disclosed a quantity of methaqualone in a closed shopping bag on the seat.
It is the appellant's position that the warrantless interception of the private communication conducted in his vehicle was a violation of his expectation of privacy as guaranteed under Article I, Section 12 of the Constitution of the State of Florida, a violation made even more grievous by the coercive manner in which the cooperation of the confidential informant was obtained. It must first be noted that the Florida Constitution prohibits only "unreasonable" interception of private communications by any means.
Florida has recognized as reasonable the authority of a police officer to intercept an oral communication where one of the parties to the communication has given prior consent to the interception. Section 934.03(2)(c), Florida Statutes (1977). Except insofar as it authorizes a warrantless interception of a private conversation conducted in the home, this statute has survived constitutional attack. State v. Sarmiento, 397 So.2d 643 (Fla. 1981).
In this instance the recorded conversation leading to the issuance of a search warrant took place in the appellant's truck. This court in Padgett v. State, 404 So.2d 151 (Fla. 1st DCA 1981) held that a motel room is not the functional equivalent of a home for the purpose of applying Sarmiento and does not invoke the same expectation of privacy. We feel that this observation can be made in regard to the conversation overheard in the appellant's truck. Having determined that the conversation is admissible for the purpose of establishing probable cause for the issuance of the warrant and that the warrant itself was neither false nor misleading, we conclude that the trial judge was correct in his denial of appellant's motions to suppress. We are equally unimpressed by appellant's argument that Huddleston's consent to the interception of the communication was not voluntary because it was given in exchange for the resolution of a criminal offense committed by him. See State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980).
The order is AFFIRMED.
JOANOS, J., and MASON, ERNEST E. (Retired), Associate Judge, concur.