416 So.2d 32 (1982)
Raymond RUIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1127.
District Court of Appeal of Florida, Fifth District.
June 30, 1982.
*33 James C. Weart, P.A., Sanford, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a judgment and sentence for possession of cannabis entered pursuant to his plea of no contest. Appellant argues that the information which led to his arrest and the seizure of the cannabis was improperly obtained through electronic recording devices and therefore the trial court erred in denying his motion to suppress. We disagree and AFFIRM.
As an initial matter, the state argues that this appeal is not properly before this court because the record fails to show a stipulation or finding by the court that the motion to suppress was dispositive of the case.
In Brown v. State, 376 So.2d 382 (Fla. 1979), the supreme court held that a defendant could take an appeal from a judgment entered upon a conditional plea of nolo contendere only where the reserved issue was legally dispositive of the case. Brown has been interpreted as holding that in cases charging only possession (as is the case here), orders denying the suppression of contraband will be presumptively dispositive for purposes of appeal. Sommers v. State, 404 So.2d 366, 369 n. 2 (Fla. 2d DCA 1981). The cases cited by the state are distinguishable as they do not involve the suppression of contraband for which the defendant was charged with possession. See Cantrell v. State, 403 So.2d 977 (Fla. 1981) (defendants charged with violation of the Florida RICO Act); Campbell v. State, 386 So.2d 629 (Fla. 5th DCA 1980) (defendant charged with robbery). And, while the Second District Court of Appeal has intimated that the refusal to suppress contraband might not be dispositive in all instances,[1] the record here does not indicate that the undercover agents, appellant's co-defendants, or other witnesses were available to testify against appellant or that the state had additional available evidence upon which appellant might be convicted.[2] Therefore, we shall proceed to the merits of the matter.
Appellant was involved in the sale of the marijuana to two undercover agents in the parking lot of a shopping center. One of the agents was wearing an electronic listening device which transmitted the conversations to other officers stationed nearby who monitored and recorded the entire transaction. This action was pursuant to section 934.03(2)(c), Florida Statutes (1981), which provides as follows:
It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
Appellant argues that this section is unconstitutional as an attempt by the legislature to circumvent the requirements of Article *34 I, section 12 of the Florida Constitution.[3] In support of his contention, appellant relies on the Florida Supreme Court's recent decision in State v. Sarmiento, 397 So.2d 643 (Fla. 1981).
In Sarmiento, the court concluded that it was unlawful for police to monitor and record, without a warrant, conversations conducted in a defendant's home between himself and an undercover police officer. The court held that such conduct violated Article I, section 12 of the Florida Constitution, which prohibits the unreasonable interception of private communications. The court further held that to the extent that section 934.03(2)(c), authorizes the "warrantless interception of a private conversation conducted in the home, it is unconstitutional and unenforceable." (emphasis in original) Id. at 645.
Sarmiento has been interpreted as affirming the constitutionality of section 934.03(2)(c) except insofar as it authorizes a warrantless interception of a private conversation conducted in the home. Hurst v. State, 409 So.2d 1059 (Fla. 1st DCA 1982). Sarmiento has not been expanded beyond the perimeters of the defendant's home or its functional equivalent. See, e.g., Hurst (Sarmiento not applicable to conversations overheard in defendant's truck); Morningstar v. State, 405 So.2d 778 (Fla. 4th DCA 1981), appeal docketed, Fla.Sup.Ct. No. 61,488, (Sarmiento not applicable to conversations in defendant's place of business); Padgett v. State, 404 So.2d 151 (Fla. 1st DCA 1981) (motel room not functional equivalent of home for purposes of Sarmiento); Pittman v. State, 397 So.2d 1205 (Fla. 1st DCA 1981) (Sarmiento not controlling when conversations took place in a restaurant, an outdoor rural setting and defendant's truck).
While questions regarding the scope of Sarmiento remain,[4] the plain language in the case and the emphasis on the sanctity of the home indicate that the decision is limited to the interception of conversations emanating from the defendant's home.[5] Here, the conversations took place in a parking lot. There is no evidence that any conversations took place in an enclosed or secluded area or that appellant took any measures to insure his privacy. As was noted above, conversations in a restaurant, outdoors, or in a defendant's truck do not invoke the same expectation of privacy as conversations emanating from one's home. Hurst; Pittman. We now hold that the considerations governing Sarmiento are not applicable here.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Sommers v. State, 404 So.2d at 369, n. 2.
[2] In Sommers, the court outlined the appropriate procedure for acceptance of a conditional nolo plea:

Accordingly, we perceive that in the ordinary case when a defendant seeks to plead nolo contendere with the reservation of the right to appeal an issue, his attorney will have some burden to show that the issue is actually dispositive, though a mere reference to the nature of the case, such as possession of contraband, may sometimes suffice for this purpose. If the state attorney believes that the issue is not dispositive, he should then explain to the court the additional available evidence upon which the defendant might be convicted. At this point, the court should make a determination of whether the issue is dispositive and decide whether to accept the plea. (emphasis added)
404 So.2d at 369.
[3] Article I, section 12 of the Florida Constitution provides as follows:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence. (emphasis added)
[4] See Morningstar v. State, 405 So.2d at 782.
[5] We have some difficulty in concluding that a conversation, simply because one party to it expects it to be private, is therefore a "private" conversation, which is constitutionally protected under Article 1, section 12, of the Florida Constitution. It can be logically argued that only those conversations which all parties reasonably expect to be private are protected from interception. Where one party can testify to the conversation, the recording does nothing more than corroborate the accuracy of his statements and conversely inhibits the defendant's opportunity for misstatement should he elect to testify. See Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed. 462 (1963). However, obviously Sarmiento did not so reason. We have therefore limited Sarmiento to its facts, that is, to conversations emanating from the home of the accused, a "constitutionally protected area."