NESBITT, Judge.
This is an appeal from an order denying a motion to suppress physical evidence. Appellant entered a plea of nolo contendere, specifically reserving his right to appeal, to an information charging him with unlawful sale of Cannabis sativa L. in excess of five grams, in violation of Section 893.13, Florida Statutes (1977).
Appellant’s principal contention is the trial court erred in not suppressing the evidence because it was gathered under a war-rantless search and seizure of a dwelling house.
In the course of an undercover investigation relating to controlled substances, police officers of the City of Miami made initial contact with one Ramirez. Ramirez supplied them with the information relating to the sale of marijuana from appellant’s residence. On the same day as his initial contact and in cooperation with police officers, he made a telephone call to the home for an appointment to inspect and possibly purchase marijuana. Ramirez and Meeks, a police officer, under the guise of making a purchase, went to the home where they were invited in by the appellant. After introduction, they were invited by appellant to inspect cardboard cartons containing marijuana which were located in the rear bedroom of the home. Meeks was given an opportunity to open the cartons and inspect the contents which he recognized as marijuana. Arrangements were concluded to purchase a quantity of the marijuana at a specified price. Meeks then advised appellant and his confederates that he had to return to his car to obtain the cash with which to conclude the sale. Upon being advised that this was upsetting to the appellant and others, Meeks instructed Ramirez to retrieve the money from the automobile.
*78 By prearranged plan, law enforcement officers were stationed in surveillance positions outside the home. Under the plan, Meeks was supposed to exit the home to retrieve the money. Instead, Ramirez came out of the house and exclaimed: “Okay, we can. We saw the grass. It’s in the house.” Because Officer Meeks did not exit as planned, Officer Martinez, waiting in surveillance, became concerned for Officer Meeks’ safety and drew his weapon and ran toward the home. Regalado, a companion of the appellant who was watching from the window, stated to Meeks who was inside: “This is a bust.” Meeks testified that when the occupants realized it was a raid, he drew his revolver and prior to the entry of Officer Martinez into the home, ordered: “police officer, freeze.” Officer Martinez then entered the home followed by other undercover agents and a uniformed deputy sheriff who detained all of the occupants. It is undisputed that Martinez and the others entered the home without knocking or announcing their authority or purpose. Officer Martinez' testified that he led this assault because he perceived that to have demanded entrance would have increased Officer Meeks’ peril. Meeks and others from the raiding party then began a systematic search of the house. They proceeded to the rear bedroom where Meeks had previously seen the cache of marijuana. More than two hundred pounds was seized. This was the marijuana which was the subject of the motion to suppress below.
Appellant concedes that Officer Martinez had probable cause to believe that a felony had or was being committed. Appellant, however, maintains that Officer Martinez’ failure to knock and announce his authority and purpose violated Section 901.19(1), Florida Statutes (1977) (“knock and announce statute”) and therefore vitiated a valid arrest and rendered the fruits of the search and seizure inadmissible. The State counters with the contention that the arrest was effectuated as a “no knock” exception to the statute as announced in Benefield v. State, 160 So.2d 706 (Fla.1964). Left with no viable alternative, we might well affirm the denial of the motion to suppress as a Benefield exception to the cited statute. However, there is, on this record, a more substantial basis upon which to affirm. In Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), undercover federal agents, posing as potential buyers of marijuana, were invited by the defendant to his home for the specific purpose of purchasing narcotics. As the sales were consummated, defendant was arrested and prosecuted for the illegal sale of marijuana. The marijuana purchased by the agent was admitted into evidence. The defendant sought to exclude the evidence on the basis that the agent, by disguising his identity and entering defendant’s home, had invaded the defendant’s Fourth Amendment right to privacy. The court rejected this contention holding:
Without question, the home is accorded the full range of Fourth Amendment protections . . . [b]ut when, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street.
The record in this case closely parallels that of Lewis v. United States which we consider controlling.[1]
Here, Officer Meeks had gained entrance to the appellant’s home posing as a potential buyer of marijuana. He was invited in and saw and inspected the marijuana which he recognized as contraband. Officer Meeks first detained the appellant and others, then he gathered the marijuana which he had previously inspected and identified. Consequently, Officer Meeks was in the identical position as were the federal drug agents in Lewis v. United States.
A flawless elaboration of the full rule emanating from Lewis v. United States, supra, was carefully articulated by Judge Hubbart in Pomerantz v. State, 372 So.2d 104, 110 (Fla.3d DCA 1979):
*79 In a long line of cases, the Florida and federal courts have held that it is not a search for the police to discover evidence in plain sight. The warrantless seizure of such evidence is constitutionally permissible providing three requirements are met: (1) the police must observe the evidence in plain sight without the benefit of a search [i. e., without invading one’s reasonable expectation of privacy], (2) the police must have a legal right to be where they are when they make the plain sight observation, and (3) the police must have probable cause to believe that the evidence seen constitutes contraband or fruits, instrumentalities or evidence of crime. ... . Such plain sight seizures have been treated either as an exception to the search warrant requirement rule, . . .or as being entirely beyond the scope of Fourth Amendment protection. ... In any event, a search warrant is not required in order for the police to conduct such a constitutional seizure.
Affirmed.

. Art. I, § 12, Fla.Const. (1968) as patterned after U.S. Const. Amend. IV.