388 So.2d 1063 (1980)
Diego TRINIDAD, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2041.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Rehearing Denied October 22, 1980.
*1064 Hubbart, Pitts & Wilson and Gerald D. Hubbart, Miami, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
Relying on Sarmiento v. State, 371 So.2d 1047 (Fla.3d DCA 1979), cert. granted and pending, Fla.Sup.Ct., Case no. 57,173, the appellant-defendant contends that the trial judge should have suppressed the testimony of police officers who overheard his drug-related conversations with an undercover officer equipped with a "body bug" for which an intercept warrant had not been obtained. Even assuming the continuing viability of Sarmiento as to its own facts, see contra, State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980), we find that the case is closer to and is controlled instead by Franco v. State, 376 So.2d 1168 (Fla.3d DCA 1979), cert. denied, 386 So.2d 636 (Fla. 1980). This is so because the conversation in question did not take place in the defendant's home, but in the "residence" of a codefendant. See also, Preces v. State, 378 So.2d 77 (Fla.3d DCA 1979).
Furthermore, the admission of the testimony of the officers who were outside the house could have been no more than harmless error, since it merely corroborated that of the undercover man, who himself related his transaction with the defendant. §§ 59.041, 924.33, Fla. Stat. (1979). In this respect, too, the case is dissimilar to Sarmiento. Unlike the undercover policeman involved in that case, the credibility and interest of the officer who testified in this one was not challenged below.
Affirmed.[1]
NOTES
[1] We reached the same conclusion in a recent case involving virtually identical facts and contentions. Turnbull v. State, 386 So.2d 42 (Fla.3d DCA 1980).