389 So.2d 250 (1980)
Eugene KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2117.
District Court of Appeal of Florida, Second District.
September 24, 1980.
Rehearing Denied October 27, 1980.
Jack O. Johnson, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant was charged by information with aggravated battery. After the defense had rested, defense counsel requested the trial judge to instruct the jury on the maximum sentence which could be imposed for the offense charged. The trial judge denied the request; however, the defense counsel did not object to the denial. Subsequently, counsel for the defendant repeated his request and it was again denied without objection. Appellant urges that the refusal to give the requested instruction constituted error.[1] Appellee counters that, without an objection, appellant failed to preserve the error, if any, for review. We agree with the appellee and affirm.
*251 Initially, we must agree with appellant that a trial judge's failure to give a requested instruction on the maximum and minimum sentence for the offense charged constitutes error. Tascano v. State, No. 55,394, ___ So.2d ___ (Fla. June 5, 1980). However, an appellate court must restrict itself to a review of those questions properly preserved for appeal.
Florida Rule of Criminal Procedure 3.390(d), provides that a party must object to the giving or the failure to give a requested instruction. Furthermore, that rule requires the objecting party to distinctly state the grounds for his objection. In this same vein, our supreme court noted in Castor v. State, 365 So.2d 701 (Fla. 1978), that a timely objection is required where the error relates to the giving or failing to give a particular jury instruction.
In the instant case, although defense counsel twice requested the instruction concerning maximum penalties, he neither objected to the court's refusal to give the instruction nor stated the grounds upon which his request was made. Therefore, appellant did not preserve this issue for appeal. Accordingly, the judgment and sentence of the circuit court is affirmed.
CAMPBELL, J., concurs.
GRIMES, J., concurs specially with opinion.
GRIMES, Judge, concurring specially.
In a case such as this where the court has specifically denied a requested instruction and it is apparent why appellant wished to have the instruction given, I see little purpose in requiring appellant then to make a specific objection in order to protect the record. However, Rule 3.390(d) is quite specific, and the supreme court held in Tascano that only those who preserved the point on appeal were entitled to the benefit of a retroactive interpretation of the principle established in that case.
NOTES
[1] Appellant also argues that the trial court erred in denying his motion to dismiss on the grounds of double jeopardy and failing to instruct the jury on the lesser included offenses of simple assault and simple battery. We find that both of these arguments are without merit. The latter point is controlled by State v. Abreau, 363 So.2d 1063 (Fla. 1978).