SCHWARTZ, Judge.
The state appeals from an order granting the defendant’s motion to suppress tape recordings of his conversations, which had been secured without an intercept warrant but in accordance with Sec. 934.03(2)(c), Fla. Stat. (1977). The order itself accurately summarizes the controlling facts:
1.On December 6, 1978, law enforcement officers of the Dade County Public Safety Department acquired the consent of one Angelo Jordan to tape record phone calls and in-person conversations between Jordan and the defendant, Stanley H. Steinbrecher, a sergeant with the City of Miami Beach Police Department. The purpose of these records was to gain evidence of alleged criminal acts, to— wit: Bribery and Unlawful Compensation.
2. Phone conversations and person-to-person conversations between Jordan and the defendant were intercepted, after such consent, between December 6, 1978, and January 23, 1979, in an effort to detect said criminal acts.
3. No Intercept Warrant was obtained prior to the interception of the conversations.
4. The State has conceded that there was sufficient time to obtain an Intercept Warrant.
5. None of the intercepted conversations occurred in the residence of the defendant or touched the said residence.
The trial judge based his ruling upon Sarmiento v. State, 371 So.2d 1047 (Fla.3d DCA 1979), cert. granted and pending, Fla. Sup.Ct., Case no. 57,173, in which this court held that, without a warrant, an eavesdropping officer could not testify to the contents of a conversation which occurred in the defendant’s home. After the entry of the order below, however, we held in Franco v. State, 376 So.2d 1168 (Fla.3d DCA 1979), cert. denied, 386 So.2d 636 (Fla.1980), that a warrant was not required in a situation identical to the one involved here. This case is controlled by Franco and is decisively unlike Sarmiento in at least two respects: (a) it concerns the admissibility of the tapes themselves, rather than only the testimony of a person who overhead the conversation, see, Hajdu v. State, 189 So.2d 230, 233-34 (Fla.3d DCA 1966), cert. denied, 196 So.2d 923 (Fla.1967); and (b) the conversations in question did not take place in the privacy of the home. For these reasons, it is not necessary to determine whether Sarmiento has continuing viability as applied to its own facts, notwithstanding the quite different constitutional reasoning adopted in Franco.[1] See, contra, State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980). *1045 On the authority, therefore, of Franco v. State, supra, the order under review is
Reversed.

. See also, Jacobs v. State, 389 So.2d 1054 (Fla.3d DCA 1980); State v. Shaktman, 389 So.2d 1045 (Fla.3d DCA 1980); Trinidad v. State, 388 So.2d 1063 (Fla.3d DCA 1980).