393 So.2d 24 (1981)
Daniel BAILEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-235.
District Court of Appeal of Florida, Third District.
January 13, 1981.
Rehearing Denied February 20, 1981.
Stephen Jay Kogan, Miami, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox and Paul Mendelson, Asst. Attys. Gen., for appellee.
Before HUBBART, C.J., SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
PER CURIAM.
The appellant's challenge to the warrantless electronic surveillance involved in this case is rejected on the authority of Franco v. State, 376 So.2d 1168 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 636 (Fla. 1980). See, Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980); State v. Steinbrecher, 389 So.2d 1043 (Fla. 3d DCA 1980); State v. Shaktman, 389 So.2d 1045 (Fla. 3d DCA 1980); Trinidad v. State, 388 So.2d 1063 (Fla. 3d DCA 1980).
The claim that the trial court erroneously declined to instruct the jury as to the maximum sentences, see, Tascano v. State, 393 § So.2d 540 (Fla. 1980), was not properly preserved for appellate review. In so holding, we follow Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980) which involved an identical procedural situation and which we believe to have been correctly decided. See also, e.g., Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); Smith v. State, 378 So.2d 117 (Fla. 4th DCA 1980); White v. State, 324 So.2d 115 (Fla. 3d DCA 1975), cert. dismissed, 339 So.2d 1173 (Fla. 1976). The other points raised present no error and require no discussion.
Affirmed.
HUBBART, Chief Judge (dissenting).
I must respectfully dissent. I would reverse the judgment of conviction and sentence under review and remand the cause to the trial court with directions to suppress the fruits of the state's warrantless electronic interception of the defendant's highly incriminating private conversations with a state agent conducted on January 31, 1979 and February 1, 1979. I rely for this position on the legal authorities and analysis contained and stated in State v. Shaktman, 389 So.2d 1045 (Fla. 3d DCA 1980) (Hubbart, C.J., dissenting); Franco v. State, 376 So.2d 1168, 1170-72 (Fla. 3d DCA 1979) (Hubbart, J., dissenting).
Beyond that, I think the case noteworthy because the state did obtain several warrants to intercept electronically certain other private conversations between the state agent herein and the appellant. These warrants were based on probable cause, were in all respects lawfully issued and executed, and the fruits thereof were, accordingly, admissible in evidence at trial based on the authority of Osborn v. United States, 385 U.S. 323, *25 87 S.Ct. 429, 17 L.Ed.2d 394 (1966). This commendable practice illustrates how entirely practicable the warrant procedure is in cases of this nature and how utterly unnecessary it is to effective law enforcement for the police to engage in the warrantless electronic eavesdropping which, unfortunately, was also conducted in this case. See Franco v. State, 376 So.2d at 1172.
In view of my conclusion on the electronic eavesdropping issue, I find it unnecessary to reach the penalty instruction point raised by the appellant. In all other respects, however, I agree with the court's rejection of appellant's remaining points on appeal.
I would reverse and remand for a new trial.