392 So.2d 1025 (1981)
Theordore Agustus BASSETT, a/K/a Earl Lee Smith, Appellant,
v.
STATE of Florida, Appellee.
No. 80-386.
District Court of Appeal of Florida, Fifth District.
January 28, 1981.
*1026 Flem K. Whited, III, of Hart & Whited, Holly Hill, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
After the jury retired to deliberate, appellant's trial counsel objected to the failure of the judge to charge the jury on the maximum and minimum sentences which could be imposed for the offense for which appellant was on trial. The trial judge then directed the record to show that the defendants requested the maximum penalty be given and that the court denied that request. In Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980), and Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980), this court held that the failure to give this instruction when requested is error, but not reversible error. Subsequently the Florida Supreme Court, in Tascano v. State, 393 So.2d 540 (Fla. 1980) held the rule to be mandatory and a failure to instruct as required to be reversible error. A rehearing in Tascano is still pending.
However, we do not believe Tascano controls the disposition of this case because, while Florida Rule of Criminal Procedure 3.390(a) requires such an instruction, another subsection of the same rule, 3.390(d), prohibits the appeal of a failure to give an instruction unless there was an objection, before the jury retired to consider its verdict, distinctly stating the matter and grounds of the objection. We realize, as did the Second District Court of Appeal in Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), that this is a technical application of this rule. However, subdivision (d) of this rule is as specific and clear as subdivision (a) and it is not unfair for one who claims the advantage of the first part to be required to strictly comply with the latter part and to make a proper and timely objection.
Accordingly, appellant's appointed counsel's motion to withdraw is granted, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the judgment and sentence is
AFFIRMED.
ORFINGER, SHARP and COWART, JJ., concur.