DOWNEY, Judge.
Appellant was charged with robbing one Patricia A. Faris of a sum of money in excess of $100 by force, violence, assault, and putting said victim in fear, in violation of Section 812.13(2)(c), Florida Statutes (1978). A jury found appellant guilty of the lesser included offense of grand theft. From a judgment of guilty and sentence of five years in prison, appellant has perfected this appeal.
The sole question on appeal is whether the trial court erred in denying appellant’s requested instruction on the lesser included offenses of aggravated assault and assault.
Grand theft is a felony of the third degree, as is aggravated assault. Assault is a misdemeanor of the second degree. Thus, it would appear that the failure to instruct on aggravated assault, while error, was harmless error because aggravated assault is a crime of the same magnitude as the crime of which appellant was convicted. Riley v. State, 367 So.2d 1091 (Fla. 3rd DCA 1979). However, the failure to charge on assault is not harmless because the jury was never given the opportunity to invoke its “inherent pardon power.”[1]
Accordingly, we reverse the judgment and sentence and remand the cause for a new trial.
REVERSED AND REMANDED with directions.
RUTTER, WILLIAM, Jr., Associate Judge, concurs.
BERANEK, J., concurs specially, with opinion.

. State v. Abreau, 363 So.2d 1063 (Fla.1978).