PER CURIAM.
We must reverse this case on the authority of Tascano v. State, 393 So.2d 540 (Fla.1980) (rehearing pending), and remand it for a new trial because those persons “who have preserved this point on appeal, receive the benefit on this interpretation of the rule.” Tascano. The interpretation referred to in Tascano is one which says if an accused at trial requests a jury instruction in regard to the penalties he could receive, it is reversible error for the trial judge not to so instruct. Fla.R.Crim.P. 3.390(a). There was a timely objection made to the failure to give the instruction. Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980). The Florida Supreme Court made this applicable even to cases pending on appeal. It is not applicable to persons who did not preserve it for appeal nor for those who did raise it on appeal but whose appeal has been concluded.
REVERSED AND REMANDED.
DAUKSCH, C. J., ORFINGER and SHARP, JJ., concur.