400 So.2d 466 (1981)
John Edward GEE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-336.
District Court of Appeal of Florida, Fifth District.
February 11, 1981.
*467 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a conviction of burglary of a conveyance: breaking into a car.
One issue is raised on appeal: the failure of the trial judge to give a requested instruction regarding the maximum and minimum penalties the accused was facing if convicted.
As was clearly said in Tascano v. State, 393 So.2d 540 (Fla. 1980), (rehearing pending), it is mandatory that the trial judge give the penalties instruction if requested by either trial counsel. Quoting Rule 3.390(a), Florida Rules of Criminal Procedure, our supreme court ruled, in effect, it could not be deemed harmless error for the trial court to fail or refuse to so instruct although we said otherwise in Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980), and other cases. The harmless error we spoke of in Murray was in reference to the anomalous situation which has been caused to exist by instructing the jury, on the one hand, as to the particular penalty the accused is subject to and then, on the other hand, telling the jury to disregard any consideration of the penalty. This is not the ordinary harmless error doctrine but a specific, we thought, type of harmless error as we mention in the opinion and in the concurring opinion. Justice Alderman in his dissent in Tascano reiterates our reasoning. But the Murray and Tascano decisions do not treat the possibility of a case where the evidence of guilt is overwhelming, and a conviction is obviously certain, the giving of the instruction notwithstanding. Tascano does not discuss the possibility that even if the charge was given the accused would be found guilty. So that leaves us in the quandary we will discuss at the end of this opinion.
After Tascano, the Second District Court of Appeal determined that in order to properly preserve the error for appeal, it is incumbent upon trial counsel not only to request the instruction but to object to the court's failure to give the instruction. Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980). We have agreed with the decision in Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), and of course, followed the decision in Tascano v. State, 393 So.2d 540 (Fla. 1980), (rehearing pending).
Because Tascano has deemed the failure to give the instruction error and because we do not determine this case to fit within the exception to Tascano as carved out by Kelly, we must reverse the conviction and remand this case for another trial. We reverse because we have read Tascano very carefully and interpret it most cautiously and conservatively to require a new trial because of the words "it is mandatory that an instruction be given... ." Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
However, because we are aware the court did not discuss the traditional harmless error doctrine and because we are convinced it should apply in this case we certify to the Supreme Court of Florida the following question which we deem to be of great public importance:
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTION 924.33 AND SECTION 59.041, *468 FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY RULE 3.390(a) FLORIDA RULES OF CRIMINAL PROCEDURE, IF THE APPELLANT'S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.