ORFINGER, Judge.
Because the failure to give the instruction on penalties was properly preserved for appeal under Tascano v. State, 393 So.2d 540 (Fla.1980), (rehearing denied), and Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), we must reverse the conviction and order a new trial. However, because the evidence of appellant’s guilt is clear and the failure to give the instruction appears to be harmless, we certify to the Supreme Court of Florida the same question already certified in Gee v. State, No. 80-336 (Fla. 5th DCA February 11,1981), viz:
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTION 924.33 AND SECTION 59.041, FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY RULE 3.390(a), FLORIDA RULES OF CRIMINAL PROCEDURE, IF THE APPELLANT’S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
REVERSED and REMANDED. QUESTION CERTIFIED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.