ORFINGER, Judge.
Appellant was convicted after a jury trial of attempted robbery. He raises two points on appeal: (1) that irrelevant testimony was admitted which prejudiced the jury against him and (2) there was error in the refusal of the trial court to give the requested jury instruction on minimum and maximum penalties. We reverse.
The victim of the attempted purse-snatching, while testifying for the State, was asked if she had brought her purse with her to court that day. When she responded in the negative, she was asked why. The court agreed with the defense objection that her reason for not bringing her purse was irrelevant; the prosecutor then asked for a bench conference. We are not privy to what took place at the conference because the record reflects that it was held out of the hearing of the reporter. Following the conference, the prosecutor again asked a similar question, to which there was no further objection. The witness replied that because of the incident, she was afraid to carry a purse and would never carry one again. The failure to object to testimony precludes appellate review of any alleged error in the admission thereof. Castor v. State, 365 So.2d 701 (Fla. 1978).
Since this case will to be re-tried, we must observe that the questioning was improper. The State argues that it was necessary to show the victim’s fear to satisfy the dictates of the robbery statute,[1] but be that as it may, the victim’s fear on the day she testified was irrelevant. What would have been relevant was her fear at the time of the robbery, and the question in issue did not address that point.
The Supreme Court has now held that the giving of the penalty instruction is mandatory when requested, Tascano v. State, 393 So.2d 540 (Fla.1980), and that defendants who have preserved this issue for appeal have the benefit of that decision. The record shows that the instruction was requested by appellant and denied by the court. Appellant objected to the refusal of the court to give the instruction, thus preserving the point for appeal, and has raised it here as a point on appeal. We give the appellant the benefit of Tascano as we are required to do and we reverse for a new trial.
REVERSED and REMANDED for a new trial.
COBB and SHARP, JJ., concur.

. § 812.13, Fla.Stat. (1979).