COWART, Judge.
At trial the evidence of appellant’s guilt was conclusive. However, the trial court did not give the jury an instruction on penalties (Fla.R.Crim.P. 3.390(a); Tascano v. State, 393 So.2d 540 (Fla.1980) (rehearing denied Feb. 27, 1981) after a request and the point was preserved by a proper and timely objection (Bassett v. State, 392 So.2d 1025 (Fla. 5th DCA 1981); Kelly v. State, 389 So.2d 250 (Fla.2d DCA 1980)). Appellant was convicted of the offense for which he was on trial. James v. State, 393 So.2d 1138 (Fla.3d DCA 1981). After an examination of all the appeal papers and *370 the entire case it appears to us that the error complained of did not injuriously affect the substantial rights of the appellant (§ 924.38, Fla.Stat. (1979)) and resulted in no miscarriage of justice (§ 59.041, Fla.Stat. (1979)). Notwithstanding, we are constrained (Hoffman v. Jones, 280 So.2d 431 (Fla.1973)) by Tascano to reverse and remand for a new trial, but we certify the following question to be of great public importance (Art. V, § 3(b)(4), Fla.Const.; Fla.R.App.P. 9.030(a)(2)(A)(v)) as also certified in Gee v. State, 400 So.2d 466 (Fla. 5th DCA 1981); Johnson v. State, 394 So.2d 1121 (Fla. 5th DCA 1981), and Haislip v. State, 400 So.2d 473 (Fla. 5th DCA 1981):
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTION 924.33 and SECTION 59.041, FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY RULE 3.390(a), FLORIDA RULES OF CRIMINAL PROCEDURE, IF THE .APPELLANT’S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
If the State timely invokes the discretionary jurisdiction of the Supreme Court (Fla.R.App.P. 9.120(b)) to review the question certified the mandate in this case will be stayed until that jurisdiction is remanded.
REVERSED and remanded. Question certified.
FRANK D. UPCHURCH Jr. and SHARP, JJ., concur.