COWART, Judge.
This is another case where the trial court, relying on case law overruled in Tascano v. State, 393 So.2d 540 (Fla.1980) (rehearing denied Feb. 27, 1981), did not give a requested instruction on penalties (Fla.R.Crim.P. 3.390(a)) and the point was preserved by proper and timely objection. Bassett v. State, 392 So.2d 1025 (Fla. 5th DCA 1981); Kelly v. State, 389 So.2d 250 (Fla.2d DCA 1980). Appellant was convicted of the offense for which he was on trial. James v. State, 393 So.2d 1138 (Fla.3d DCA 1981). After an examination of all the appeal papers and the entire case, including the general weight and quality of the evidence, it appears to us that the evidence of appellant’s guilt is overwhelming, is unquestioned on this appeal and that the errors complained of did not injuriously affect the substantial rights of the appellant (§ 924.33, Fla.Stat. (1979)) and resulted in no miscarriage of justice (§ 59.041, Fla.Stat. (1979)). If, as their oath requires, jurors obey Florida Standard Jury Instruction in Criminal Cases 2.15 and base their verdict only upon the law and the evidence and disregard its consequences, there is no possibility that error in failing to instruct on penalties can contribute to an accused’s conviction. Therefore, the absence of such instruction on penalties in this case cannot *373 have legally affected the result below and the error in not giving such instruction is harmless beyond a reasonable doubt and would be so even if a constitutional right were involved. See Palmes v. State, 397 So.2d 648 (Fla.1981); Campbell v. State, 227 So.2d 873 (Fla.1969), cert. dismissed 401 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33 (1970); State v. Wadsworth, 210 So.2d 4 (Fla.1968). See also Nowlin v. State, 346 So.2d 1020, 1024 (Fla.1977); Jones v. State, 332 So.2d 615, 619 (Fla.1976). We are required (Hoffman v. Jones, 280 So.2d 431 (Fla.1973)) by Tascano to reverse and remand for a new trial, but as in Gee v. State, 400 So.2d 466 (Fla. 5th DCA 1981); Johnson v. State, 394 So.2d 1121 (Fla. 5th DCA 1981); and Haislip v. State, 400 So.2d 473 (Fla. 5th DCA 1981), we certify the following question to the Florida Supreme Court:
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTION 924.33 and SECTION 59.041, FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY RULE 3.390(a), FLORIDA RULES OF CRIMINAL PROCEDURE, IF THE APPELLANT’S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
If the State timely invokes the discretionary jurisdiction of the Supreme Court (Fla. R.App.P. 9.120(b)) to review the question certified, the mandate in this case will be stayed until that jurisdiction is remanded.
REVERSED and remanded. Question certified.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.