PER CURIAM.
This is an appeal from a conviction of involuntary sexual battery on a minor child. Appellant raises three issues on appeal: (1) the admission of evidence concerning a collateral crime, (2) the denial of his motion of acquittal relating to the issue of his age, and (3) the trial court’s refusal to give a requested jury instruction about the maximum and minimum penalties for the offense for which appellant was on trial.
Although we reject appellant’s first two arguments, we must reverse this case on the authority of Tascano v. State, 393 So.2d 540 (Fla.1980). Appellant properly preserved the error for appeal. Kelly v. State, 389 So.2d 250 (Fla.2d DCA 1980).
As in Gee v. State, 400 So.2d 466 (Fla. 5th DCA 1981), we are convinced that the harmless error rule should apply in this case and therefore certify to the Supreme Court of Florida the following question which we deem to be of great public importance:
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTION 924.33 AND SECTION 59.041, FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY FLORIDA RULE OF CRIMINAL PROCEDURE 3.390(a), IF THE APPELLANT’S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., and JAMIESON, FRANCES ANN, Associate Judge, concur.