SHARP, Judge.
Clark appeals from a judgment and sentence for the offense of robbery involving the use of a firearm. Rejecting appellant’s argument related to the denial of his motion to suppress his confession, we nevertheless must reverse this case because the trial judge declined to instruct the jury regarding the maximum and minimum penalties the appellant could receive. Tascano v. State, 393 So.2d 540 (Fla.1980).
*475 However, we believe the harmless error rule should apply in this case because the evidence of guilt was clearly established. We therefore follow Gee v. State, 400 So.2d 466 (Fla. 5th DCA 1981), in certifying to the Supreme Court of Florida the following question which we deem to be of great importance:
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTIONS 924.33 AND 59.041, FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY FLORIDA RULE OF CRIMINAL PROCEDURE 3.390(a), IF THE APPELLANT’S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
REVERSED and REMANDED.
DAUKSCH, C. J., and COBB, J., concur.