SHAW, Judge.
Appellant seeks review of judgments of conviction and corresponding sentences upon charges of burglary of a dwelling and grand theft. Among other contentions, he argues that the trial judge’s failure to instruct the jury upon request as to the applicable penalties necessitates reversal.
The jury was given Florida Standard Jury Instruction 2.15:
“You are to disregard the consequences of your verdict. You are empanelled and sworn only to find a verdict based upon the law and the evidence. You are to lay aside any ideas you may have about the wisdom or lack of wisdom of any particular law or procedure touching upon this case. You are to consider only the testimony which you have heard along with the other evidence which has been received and the law as given to you by the Court. You are to lay aside any personal feelings you may have in favor of or against the State and in favor of or against the defendant. It is only human to have personal feeling or sympathy in matters of this kind but any such personal feeling or sympathy has no place in the consideration of your verdict.
You are not to be concerned with the imposition of any penalty in the event you reach a verdict of guilty, just as the determination of guilt or innocence of the accused rests solely and absolutely with you, so also does the determination of the extent of punishment within the limits prescribed by law rest solely with the Court.
When you have determined the guilt or innocence of the accused, you have completely fulfilled your solemn obligation under your oath.”
The appellee argues that in light of this instruction, the failure to give an instruction on the applicable penalties was harmless error. We disagree. Florida Rule of Criminal Procedure 3.390(a) provides that upon request of either the state or the defendant the judge shall include in his charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial. The Supreme Court of Florida in Tascano v. State, 393 So.2d 540 (Fla.1980), rehearing denied February 27,1981, held that this rule is mandatory rather than directory. The dissenting opinion expresses the view that a mandatory penalty instruction is inconsistent with Florida Standard Jury Instruction 2.15, and that failure to instruct on maximum and minimum sentences is harmless error. This view was rejected by the majority of the court. It would seem, therefore, that the issue has been resolved by the supreme court in favor of the appellant’s contention. We, therefore, reverse the convictions and remand for further proceedings.
The Fifth District Court of Appeal has certified this very issue to the supreme court in Johnson v. State of Florida, 394 So.2d 1121, Gray, Jr. v. State, (Fla.App.) 400 So.2d 468; and Haislip, Jr. v. State, (Fla.App.) 400 So.2d 473. We join the Fifth District and certify the following question to the Florida Supreme Court: *755 and the appellate court determines the error could not have affected the verdict?
*754 Can an appellate court apply the harmless error doctrine, section 924.33 and section 59.041, Florida Statutes (1979), to the failure of a trial court to give the jury instruction required by Rule 3.390(a), Florida Rules of Criminal Procedure, if the appellant’s guilt is clearly established
*755 ERVIN and WENTWORTH, JJ., concur.