399 So.2d 999 (1981)
Robert WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-887.
District Court of Appeal of Florida, Third District.
May 19, 1981.
Rehearing Denied July 10, 1981.
*1000 Bennett H. Brummer, Public Defender and Richard J. DeWitt and Gregory P. Borgognoni and Maxine Long, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
In Tascano v. State, 393 So.2d 540 (Fla. 1980), the Supreme Court held that the language of Florida Rule of Criminal Procedure 3.390(a) makes mandatory, upon request of either the State or the defendant, the giving of an instruction on the maximum and minimum sentences which may be imposed for the offense for which the accused is on trial. No such instruction was given at Williams' trial.
We must decide whether Williams, whose trial antedated the Tascano decision, preserved this point on appeal,[1] and, if so, whether a Tascano violation requires reversal in the face of clear evidence of guilt.
The record reflects that at the charge conference, Williams requested that the jury be instructed as to the penalties for the offenses charged in the information[2] and that, after the jury was instructed *1001 and before it retired to consider its verdict, Williams objected to the court's refusal to give the requested penalty charge, but did not state the grounds for his objection or renew the previously stated ground for his request. In our view, Williams' objection adequately preserved the Tascano point on appeal.
We are not aware of any Florida case holding that a defendant's specific and timely objection to the trial court's refusal to give a previously requested instruction without a renewed statement of grounds is inadequate compliance with Rule 3.390(d), Florida Rules of Criminal Procedure.[3] In the present case, after the court's instructions and before the jury retired, Williams registered a lone objection directed specifically to the court's refusal to instruct on penalties. Cases holding that a general objection "to every charge given and the failure to give every requested charge" does not comply with the rule, see, e.g., York v. State, 232 So.2d 767 (Fla. 4th DCA 1969), are thus inapposite.[4] Likewise, cases in which no objection was made to the trial court's refusal to instruct, see, e.g., Bailey v. State, 393 So.2d 24 (Fla. 3d DCA 1981); Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981); and Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), or in which objection was made after the jury retired to deliberate, see, e.g., Bell v. State, 396 So.2d 270 (Fla. 3d DCA 1981); Bassett v. State, 392 So.2d 1025 (Fla. 5th DCA 1981), are not controlling.[5]
We agree that a statement distinctly setting forth the grounds of an objection serves a sound purpose where the court gives an instruction which the defendant finds objectionable. See Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980); York v. State, supra; Jones v. State, 187 So.2d 915 (Fla. 2d DCA 1966). See also Castor v. State, 365 So.2d 701 (Fla. 1978). But where a court refuses to give a requested instruction, no sound purpose is served by requiring the defendant to state the grounds of his objection after the refused instruction is not given. Indeed, such a requirement would mean that before a court could send the jury out to deliberate, it would, in effect, have to conduct a second charge conference at which defense counsel would be called upon to repeat every argument made at the initial charge conference in support of all requested, but denied, instructions. If there is, arguendo, some sound purpose to be served in insuring that a defendant who has requested an instruction has not later abandoned that request, see Smith v. State, 378 So.2d 117 (Fla. 4th DCA 1980), that purpose is adequately *1002 served by simple objection.[6]See Easter v. State, 398 So.2d 838 (Fla. 5th DCA 1981); Meeks v. State, 400 So.2d 465 (Fla. 5th DCA 1981) (in which point said to be preserved by objection; no mention of grounds).
We hold, therefore, that where a defendant requests a specific jury instruction and sufficiently apprises the trial court of the basis for the request, the defendant preserves for appellate review the denial of the requested instruction by formally objecting to the court's omission of the particular instruction after the jury is instructed and before it retires, without restating the ground for the request.
We turn now to the question of whether a properly preserved Tascano violation requires reversal in the face of clear evidence of guilt.[7] A Florida jury has no authority to sentence or to recommend [except in respect to the death penalty, see § 921.141, Fla. Stat. (1979)] a sentence. The sole justification for informing the jury about the sentence[8] is the jury's right to consider the potential sentence on the crime charged in evaluating whether to convict of that crime or something less.[9] The rationale *1003 of the Tascano instruction is thus the jury pardon power.
In the like situation where the mandatory giving of the instruction on lesser-included offenses is based on fulfilling the jury's right to exercise its power to pardon, our Supreme Court has held that the existence of overwhelming evidence supporting the conviction is irrelevant to the error committed when the instruction is not given. Lomax v. State, 345 So.2d 719 (Fla. 1977) (holding that the failure to instruct on an immediately lesser-included offense cannot be deemed harmless despite overwhelming evidence that the defendant committed the crime charged). See also Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980) (notwithstanding the giving of an instruction on third-degree murder, it was error to fail to instruct on manslaughter where the defendant was charged with first-degree murder and convicted of second-degree murder); Johnson v. State, 314 So.2d 248 (Fla. 1st DCA 1975) ("[W]e have been unable to discover a case where the harmless error rule was applied in a case where the trial court failed to instruct the jury as to the lesser degrees of the offense charged"). Unlike other situations where harmlessness vel non depends on determining the capacity of the claimed error to prejudice the jury in relation to the overall evidence of the defendant's guilt, an error which affects the opportunity of the jury to pardon has the same capacity for harm no matter how persuasive the evidence of the defendant's guilt. In short, the right of a jury to pardon is unaffected by the existence of clear evidence of guilt. Accordingly, where an instruction, as here, relates solely to the power to pardon which we invest in juries, we must conclude that the failure to give such an instruction injuriously affected the substantial right of the defendant to be pardoned, for the offenses upon which he was tried.[10]
Reversed and remanded for a new trial.
NOTES
[1] We read the language of Tascano  "this decision shall be prospective only and shall be applicable to all cases in which a jury trial is commenced on or after the effective date of this opinion. The defendant, as well as all others who have preserved this point on appeal, receive[s] the benefit of this interpretation of the rule"  as precluding from the benefits of the decision (a) defendants who did not properly preserve the point for appeal and (b) defendants whose appeals were finalized pre-Tascano, even if the point was preserved. See Meeks v. State, 400 So.2d 465 (Fla. 5th DCA 1981). We reject the State's contention that Tascano applies prospectively except for Mr. Tascano. Post-Tascano decisions have uniformly applied the Tascano ruling to defendants whose trials were concluded before the date of the Tascano decision, June 5, 1980, and whose appeals were then pending or thereafter taken. See, e.g., Bell v. State, 396 So.2d 270 (Fla. 3d DCA 1981); Bailey v. State, 393 So.2d 24 (Fla. 3d DCA 1981); Rodriguez v. State, 385 So.2d 1019 (Fla. 3d DCA 1981) (opinions silent, but records reflect trials concluded before June 5, 1980); Johnson v. State, 394 So.2d 1121 (Fla. 5th DCA 1981); Meeks v. State, supra; Bassett v. State, 392 So.2d 1025 (Fla. 5th DCA 1981); Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980) (implicit in opinions that trials concluded pre-Tascano).
[2] Williams' request for a penalty instruction necessarily was based on Rule 3.390(a), as amended in 1977. At the time of Williams' trial, there was disagreement whether the rule was discretionary, see Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978), or mandatory, see Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980); Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980). The predecessor rule had been construed as vesting discretion in the trial court, see State v. Terry, 336 So.2d 65 (Fla. 1976), and cases collected in n. 1; Johnson v. State, 308 So.2d 38 (Fla. 1975); Golson v. State, 353 So.2d 195 (Fla. 3d DCA 1977). Williams' clear right to the penalty instruction did not arise until after his trial was concluded, that is, when Tascano v. State, 393 So.2d 540 (Fla. 1980), was handed down.
[3] The rule reads:

"(d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury."
[4] Compare San Fratello v. State, 154 So.2d 327 (Fla. 2d DCA 1963). In San Fratello, the court held that a general objection to all instructions requested by the defendant and refused by the court preserved the point for appeal, because (1) the then appellate rules mandated review of all requested instructions to which objection was made and which were assigned as error; (2) the appellate rules, along with former Section 924.32(1), Florida Statutes, abrogated the "harsh" rule of Dixon v. State, 101 Fla. 840, 132 So. 684 (Fla. 1931), that a general objection to all refused instructions requires affirmance if any one of the requested instructions was properly refused.
[5] While Bailey, Kelly, Bell and Bassett, supra, contain language condemning "the failure to state distinctly the grounds for objection," this language is obvious dicta, since the decisions are grounded on the total failure to make a mely objection.
[6] The Fourth District recently held in Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981), that not even objection to a refused instruction is required when the basis for the request has been once stated:

"If a jury instruction is requested and the basis for the request verbalized to the court and made a part of the record, failure to object to rejection of the instruction or to repeat the grounds in the form of an objection does not preclude appellate review. The underlying purpose of Rule 3.390(d) has been met; the trial court is placed on notice that refusal to give the requested instruction may be error. However, if as in Smith, a jury instruction is tendered without further explanation, the subsequent failure to object on specific grounds to its denial is fatal and the issue has not been preserved for review."
See also the dissatisfaction expressed, e.g., by Judge Grimes, concurring specially in Kelly v. State, supra, and Judge Wentworth dissenting in Washington v. State, supra, and Davenport v. State, 396 So.2d 232 (Fla. 1st DCA 1981), with any requirement that objection be made to the trial court's refusal to give a requested instruction. Their view is that implicit in every request for an instruction is an objection to the failure to give it, and that there is, therefore, a marked difference between requiring an objection to an instruction which the court intends to give or gives and requiring an objection to the court's refusal to give one which is requested. To the extent that Rodriguez v. State, 396 So.2d 798, 800 n. 5 (Fla. 3d DCA 1981), and Bassett v. State, supra, suggest that because the penalty instruction is required by Rule 3.390(a) and the objection requirement is found in (d) of the same rule, there is a greater necessity of objection in the case of a penalty instruction, we disagree. We consider the inclusion of the penalty instruction in this rule to be as fortuitous as the inclusion of the requirement that the court instruct the jury as to the degrees of the offense found in separate Rule 3.490 under Section XI pertaining to The Verdict.
[7] On at least five recent occasions, the Fifth District has certified the following question to the Florida Supreme Court:

"Can an appellate court apply the harmless error doctrine, Section 924.33 and Section 59.041, Florida Statutes (1979), to the failure of a trial court to give the jury instruction required by Florida Rule of Criminal Procedure 3.390(a) if the appellant's guilt is clearly established and the appellate court determines the error could not have affected the verdict?"
See Meeks v. State, supra (opinion on motion for rehearing filed April 8, 1981); Haislip v. State, 400 So.2d 473 (Fla. 5th DCA 1981); Gray v. State, 400 So.2d 468 (Fla. 5th DCA 1981); Johnson v. State, 394 So.2d 1121 (Fla. 5th DCA 1981), and Gee v. State, 400 So.2d 466 (Fla. 5th DCA 1981).
[8] Compare the Federal jury instructions: "Under the Federal system of criminal procedure you are not to concern yourself in any way with the sentence the defendant might receive if you should find him guilty... ." Devitt & Blackmar, Standard Jury Practice & Instructions, Civil and Criminal (3d ed. 1977) § 10.01; and "... the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way... ." Pattern Jury Instructions, Criminal Cases, U.S. Fifth Circuit District Judges Association (1979) No. 10A. See also Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).
[9] Anomalously, the jury need not be instructed on the penalty provisions of lesser-included offenses. James v. State, 393 So.2d 1138 (Fla. 3d DCA 1981); Mitchell v. State, 304 So.2d 466 (Fla. 3d DCA 1974); Settle v. State, 288 So.2d 511 (Fla. 2d DCA 1974).
[10] Where it is clear that the jury was given a full opportunity to exercise its inherent pardoning power and rejected pardon, as in the instance where despite being given an instruction on lesser-included offenses one step below the crime charged, the jury convicted the defendant of the higher offense, it can be said that the failure to instruct on a lesser-included offense two steps below is harmless. See State v. Abreau, 363 So.2d 1063 (Fla. 1978); James v. State, supra. But where the opportunity to exercise the pardoning power is incomplete, as where the jury is instructed on only one of several lesser-included offenses of the same degree, the error is not harmless. Brown v. State, 394 So.2d 1023 (Fla. 4th DCA 1981); Hunter v. State, supra. Thus, despite the fact that in the present case the jury was instructed on lesser-included offenses, those instructions are not a substitute for the mandatory penalty instruction, even though both relate to the pardoning power.

We note, parenthetically, that the argument that the failure to give the penalty instruction is "harmless" because such instruction, even if given, is neutralized by the instruction to the jury to disregard the consequences of its verdict, see Tascano v. State, 393 So.2d 540 (Fla. 1980) (Alderman, J., dissenting); Murray v. State, supra, was rejected, sub silentio, in Tascano.