DOWNEY, Judge.
Appellant Brown was identified by two women whom he allegedly robbed at gun point. In addition to the victims’ identification of appellant as the robber, the police found a gun and the victims’ purse in the white pick-up truck which appellant drove away from the robbery scene.
Appellant articulates three points for our consideration on appeal but only one has any merit.
Appellant requested a Tascano instruction on the maximum and minimum penalties for the crime charged. The trial court denied the request and appellant objected to the denial. Although appellant’s counsel did not then state the grounds for the requested instruction she had clearly done so earlier during a colloquy between herself and the trial judge. Counsel fully apprized the trial judge of her contention that current decisions of the Supreme Court of Florida required the trial court upon request to instruct the jury on the penalties attached to the crime in issue. Understandably in view of the state of the flux existing in the law on this question at that time, the trial judge disagreed with counsel and refused to give the requested instruction.
It is clear now that upon request such an instruction must be given. Tascano v. State, 393 So.2d 540 (Fla.1980). The provisions of Rule 3.390 Fla.R.Crim.P. are mandatory. It also seems clear that the harmless error rule set forth in Section 924.33, Florida Statutes (1979), cannot be resorted to in order to cure the error because as the Supreme Court held in Murray v. State, 403 So.2d 417 (Fla.1981):
The district court of appeal in the case sub judice held that Rule 3.390 had a mandatory meaning, but affirmed the conviction of the defendant on the basis of harmless error. If this mandatory duty could be circumvented on the basis of the harmless error rule, the effect of the mandatory provision in the rule would be negated. (Emphasis added.)
See, too, Williams v. State, 399 So.2d 999 (Fla.3d DCA 1981); Palmer v. State, 401 So.2d 1177, (Fla. 4th DCA 1981).
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
ANSTEAD and HURLEY, JJ., concur.