389 So.2d 1054 (1980)
Bart JACOBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1643.
District Court of Appeal of Florida, Third District.
October 14, 1980.
Rehearing Denied November 19, 1980.
*1055 Flynn, Rubio & Tarkoff and Michael H. Tarkoff, Miami, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ, J., and VANN, HAROLD R. (Ret.), Associate Judge.
SCHWARTZ, Judge.
Jacobs appeals from his convictions and four concurrent twelve-year sentences imposed after a jury found him guilty of conspiracy to commit burglary, conspiracy to commit robbery, burglary, attempted robbery, and the possession of a firearm in the commission of a felony.[1] The case arose from an aborted attempt to rob a large quantity of gold bullion which had been stored in an Air Canada warehouse at the Miami International Airport. The jury found that Jacobs, an Air Canada employee, had been involved in the planning and attempted execution of the crime.
The defendant's primary contention challenges the denial of his motion to suppress an electronic tape of a telephone conversation between Jacobs and another employee of Air Canada, James Potter. The conversation, which was highly incriminating, occurred during a call which Potter, by prearrangement and at the direction of Dade County police officers, had placed to Jacobs at the latter's home. The officers overheard and recorded the conversation, of course with Potter's consent, but without having obtained an intercept warrant which would have judicially authorized that action. In this court, Jacobs argues that the tape should have been suppressed under what he calls a "logical extension" of Sarmiento v. State, 371 So.2d 1047 (Fla.3d DCA 1979), cert. granted and pending, Fla.Sup. Ct., Case no. 57,173, in which this court held that, absent a warrant, officers could not testify to an in-person conversation with a "wired" undercover man which took place inside the defendant's residence. We do not agree.
Subsequent to the Sarmiento decision, this court ruled in Franco v. State, 376 So.2d 1168 (Fla.3d DCA 1979), cert. denied, 386 So.2d 636 (Fla. 1980), that a warrant is not required when, as here, the requirements of Section 934.03(2)(c), Florida Statutes (1977) and Tollett v. State, 272 So.2d 490 (Fla. 1973), have been met. We think that the case at bar is much closer to Franco that it is to Sarmiento. More specifically, the facts here are distinguishable from Sarmiento in two significant ways:
1. Sarmiento concerned only the testimony of two officers who, unknown to the defendant, were located outside the house and who overheard a conversation between two other persons, the defendant and still a third officer; in this case, in contrast, the person to whom Jacobs directly spoke, Potter, himself testified and recounted the conversation to the jury. Thus, the recording of that same conversation was admissible under Hajdu v. State, 189 So.2d 230 (Fla.3d DCA 1966), cert. denied, 196 So.2d 923 (Fla. 1967). In Hajdu, which was heavily relied upon in Sarmiento, this court stated at 189 So.2d 233-34:
The State relies upon the opinion of this court in Gomien v. State, Fla. App. 1965, 172 So.2d 511. This reliance is misplaced. The Gomien opinion and authorities cited therein were primarily concerned with the authenticity of a transcript of a conversation. These authorities are not applicable in the instant case, because the alleged conversations were never transcribed. [e.o.] In Gomien, the witness testifying was *1056 the person who caused the conversation to be recorded after having been invited into the defendant's premises. In the instant case, the objectionable testimony was given by a person not within the defendant's premises and by one to whom an invitation had not been extended. The person in the instant case who is analogous to the witness in the Gomien case was the witness White, and she was permitted to testify as to what transpired in the appellant's premises. And, if she had recorded the conversation, then upon proper authentication [if otherwise admissible] any such transcription would have been admissible under Gomien v. State, supra; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, and other authorities. [e.s.]
2. The conversation in Sarmiento was a face-to-face encounter between the defendant and another which occurred, as the opinion emphasized, within the defendant's own home; this case concerns a telephone call between the defendant and a person obviously located somewhere else. We agree with the state's contention that the difference is a meaningful one in terms of the very focus of the Sarmiento decision-the extent of one's legitimate expectation that his personal conversations will remain private. Surely, a person who speaks on the telephone and who therefore cannot know either the location of his conversant or whom else may be listening on an extension or a speaker phone, takes far more serious chances with his privacy than one who speaks to a known acquaintance inside his "castle" walls.
Because of these distinctions, we need not consider whether the Sarmiento decision has survived the adoption of a basically contrary analysis and holding in the Franco, case.[2] See, contra, State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980). On the authority of Franco, therefore, we conclude that the trial court correctly refused to suppress the tape in question here.
The defendant's remaining points do not require extended discussion. We need not even pass upon the merits of those which concern only the two conspiracy and the attempted robbery charges. This is so because the sentences imposed on these counts are to run concurrently with that on the burglary count, which is not separately challenged. Since there is no reason to believe that Jacobs will suffer any adverse practical consequences, concerning his eligibility for parole or otherwise, as a result of the additional convictions, compare, United States v. Rubin, 591 F.2d 278 (5th Cir.1979), cert. denied, 444 U.S. 864, 100 S.Ct. 133, 62 L.Ed.2d 87 (1979), we apply the "concurrent sentence doctrine" and decline to consider these issues. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); Mathis v. State, 348 So.2d 1221 (Fla.3d DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978); see also, Bush v. State, 369 So.2d 674, 676, n. 2 (Fla.3d DCA 1979); Gibson v. State, 368 So.2d 667, 668, n. 2 (Fla.3d DCA 1979).
Finally, contrary to the appellant's claims, we find no error in the trial court's admission of a photograph of the crime scene, Bauldree v. State, 284 So.2d 196 (Fla. 1973); Cravero v. State, 349 So.2d 649 (Fla.3d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978), or in its approval of the prosecutor's reference in final argument to Jacobs' failure to call a supposedly favorable witness at the trial. Buckrem v. State, 355 So.2d 111 (Fla. 1978); Shapiro v. State, 345 So.2d 361 (Fla.3d DCA 1977), cert. denied, 353 So.2d 678 (Fla. 1977); Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975).
Affirmed.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would reverse the convictions under review and remand the cause to the trial court with directions to suppress the subject tape recordings. In my view, these tape recordings *1057 represent the fruit of an unreasonable interception of a private conversation involving the defendant and the police in violation of the defendant's rights guaranteed by Article I, Section 12 of the Florida Constitution; no intercept warrant was ever obtained for the subject electronic eavesdropping although concededly it was practicable to have obtained one. As such, the subject tape recordings were inadmissible in evidence and the state agent's "consent" to the subject electronic eavesdropping cannot change this result. I have more fully developed the authorities and reasoning to support this view in my dissenting opinions in State v. Shaktman, 389 So.2d 1045 (Fla.3d DCA 1980), and Franco v. State, 376 So.2d 1168, 1170-1172 (Fla.3d DCA 1979), upon which I rely for my dissent herein.
NOTES
[1] Sentence on the possession charge was suspended.
[2] See also, State v. Steinbrecher, 389 So.2d 1045 (Fla.3d DCA 1980); State v. Shaktman, 389 So.2d 1045 (Fla.3d DCA 1980); Trinidad v. State, 388 So.2d 1063 (Fla.3d DCA 1980).