392 So.2d 48 (1981)
Jeffrey Thomas FOXX, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-156.
District Court of Appeal of Florida, Third District.
January 6, 1981.
*49 Joel Hirschhorn and Harry M. Solomon, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
SCHWARTZ, Judge.
Under the "plain view" doctrine, the trial judge correctly declined to suppress the cocaine found in an amber bottle seen in and taken from the defendant's car. On this issue, the facts are indistinguishable from those in State v. Hall, 376 So.2d 276 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 637 (Fla. 1980), which so held. Hence, the judgment and sentence of one year in the county jail for possession of cocaine, as charged in count one, is affirmed. Since the defendant received only concurrent sentences[1] on each of the three remaining counts of the information, we need not address the propriety of the seizure of the other items of contraband involved in those charges. Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980).[2]
Affirmed.
NOTES
[1] There is no eligibility for parole as to a one year county jail sentence, see § 947.16(1), Fla. Stat. (1979); Villery v. Florida Parole and Probation Commission (Fla. 1980). It is therefore clear that the defendant can suffer no adverse collateral consequences from his convictions on counts two, three, and four, which might preclude the application of the concurrent sentence rule adopted in Jacobs, infra.
[2] Our disposition of the remaining issues on this ground is not to be taken as an approval of the warrantless opening of a locked steel box found in the trunk of the vehicle. This was clearly improper. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); Cobb v. State, 378 So.2d 82 (Fla. 3d DCA 1979), and cases cited.