442 So.2d 1072 (1983)
Joe COUNCIL, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-157.
District Court of Appeal of Florida, Third District.
December 20, 1983.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
In broad daylight, Council took from a mailbox some all-white capsules which appeared to the experienced officer who was watching him to contain "suspect cocaine;" he put them in a towel which he "stuck down in his pants;" and then told the policeman that he had "nothing in the towel." We agree with the trial court that his conduct established probable cause for the officer to believe that the defendant was in possession of a controlled substance. Albo v. State, 379 So.2d 648 (Fla. 1980); In the Interest of P.L.R., 435 So.2d 850 (Fla. 4th DCA 1983); State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981); Foxx v. State, 392 So.2d 48 (Fla. 3d DCA 1981); Bush v. State, 369 So.2d 674 (Fla. 3d DCA 1979); Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977).[1] The warrantless search of *1073 Council's person which secured what indeed turned out to have been cocaine was therefore constitutionally permissible. Acosta v. State, 431 So.2d 715 (Fla. 3d DCA 1983); Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977).
Affirmed.
NOTES
[1] Like P.L.R., we do not agree with Thompson v. State, 405 So.2d 501 (Fla. 2d DCA 1981); Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978); and Harris v. State, 352 So.2d 1269 (Fla. 2d DCA 1977). We think that these decisions, as well as Kelly v. State, 407 So.2d 1011 (Fla. 5th DCA 1981), which is contrary to our opinion in Foxx; Brown v. State, 313 So.2d 52 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976); and Brown v. State, 330 So.2d 861 (Fla. 4th DCA 1976) embody a highly legalistic, indeed myopic, approach to the probable cause issue in these situations which cannot pass muster under the applicable tests of common sense and reality. See Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).