473 So.2d 709 (1985)
Johnny NEWSOME, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1487.
District Court of Appeal of Florida, Second District.
March 29, 1985.
Order of Substitution August 14, 1985.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.

SUBSTITUTED OPINION
The following opinion which was substituted for the original opinion of March 29, 1985 in Newsome v. State, 466 So.2d 411 (Fla. 2nd DCA 1985) by order of this court of April 15, 1985 is hereby substituted for the opinion appearing in the Southern Reporter at the above citation.
*710 GRIMES, Acting Chief Judge.
This is an appeal from a sentence imposed under the sentencing guidelines, Florida Rule of Criminal Procedure 3.701.
Appellant argues that he did not affirmatively select to be sentenced under the guidelines because the record does not show that he knowingly and intelligently waived his right to parole eligibility. We find this contention to be without merit. An election to be sentenced under the guidelines need only be affirmatively represented in the record. It is not necessary to demonstrate that the election was knowingly and intelligently made or that the trial judge inquired as to whether a defendant knew that by being sentenced under the guidelines he would lose his eligibility for parole. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984) [question certified]. In this case, the record indicates that defense counsel made an affirmative selection. This selection was binding on the appellant. See Moore v. State.
Appellant also argues that the trial court erred in sentencing him to the maximum statutory penalty without a determination of the presumptive guidelines sentence. We agree. Florida Rule of Criminal Procedure 3.701 contemplates that a scoresheet will be prepared for each defendant who is to be sentenced. This court has held that a trial court must determine the presumptive sentence under the guidelines before deciding whether to depart from the guidelines. Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984). In this case, the record on appeal does not contain a sentencing guidelines scoresheet. There is also nothing in the transcript of the sentencing hearing to indicate that the trial judge knew appellant's presumptive sentence before sentencing him outside the guidelines to the maximum sentence permitted by law. Accordingly, appellant's sentence is vacated and the cause is remanded for resentencing.
SCHEB and CAMPBELL, JJ., concur.