PER CURIAM.
The judgment of conviction for trafficking in and conspiracy to traffic in cocaine is affirmed upon a holding that: (1) the trial court properly denied the defendant’s motion to suppress his confession in that the state established below by a preponderance of the evidence that the said confession was freely and voluntarily given; see Stone v. State, 378 So.2d 765, 769-70 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980), and (2) the trial court committed no reversible error in improperly admitting in evidence the testimony below of a police officer that the defendant knew 300 drug dealers, because the evidence adduced in the cause, aside from this inadmissible testimony, overwhelmingly established the guilt of the defendant on the crimes charged. No real defense was ever mounted in the case; no serious deficiencies were ever developed in the state’s otherwise highly probative evidence; and no substantial evidence or argument was ever presented below which indicated that the defendant’s confession, admitted in evidence, was not freely and voluntarily given. This being so, the above error was entirely harmless because it did not materially contribute to the convictions herein. See § 924.33, Fla.Stat. (1983).
The sentence imposed in this case is, however, reversed upon a holding that the trial court improperly sentenced the defendant without benefit of a sentencing guidelines scoresheet in violation of Fla.R. Crim.P. 3.701 which mandates that a sentence must be imposed based on a sentencing guidelines scoresheet. Indeed, the state in its brief concedes the error and agrees that the case must be remanded for resentencing. We accordingly reverse the sentence imposed in this case and remand the cause for resentencing based on a properly submitted sentencing guidelines score-sheet. Newsome v. State, 473 So.2d 709 (Fla.2d DCA 1985).
Affirmed in part; reversed in part and remanded.