499 So.2d 33 (1986)
Curtis P. UPTAGRAFFT, Appellant,
v.
STATE of Florida, Appellee.
No. BK-495.
District Court of Appeal of Florida, First District.
December 18, 1986.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
*34 SHIVERS, Judge.
Appellant, Curtis Paul Uptagrafft, appeals from a conviction of capital sexual battery and lewd assault upon a child. The issue in the instant case is whether the trial court erred in imposing a sentence for lewd assault on Uptagrafft without including a sentencing guidelines scoresheet. We hold that a scoresheet was necessary and remand for resentencing.
A jury convicted appellant of capital sexual battery and lewd assault upon a child on December 11, 1985. Uptagrafft was sentenced to life in prison with a 25 year minimum mandatory for his sexual battery charge. He was also given a concurrent term of 15 years on the lewd assault charge.
The State incorrectly suggests that Uptagrafft's failure to raise the scoresheet issue at the trial court level bars that issue from consideration on appeal. State v. Rhoden, 448 So.2d 1013 (Fla. 1984) Dawson v. State, 491 So.2d 310 (Fla. 4th DCA 1986). Turning to the question of whether the trial court should have completed a scoresheet for Uptagrafft's charge of lewd assault, Rule 3.701(d)(1), Florida Rules of Criminal Procedure, provides:
One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. The state attorney's office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets.
Several Florida appellate courts have reversed and remanded a cause where the trial court, in violation of Rule 3.701(d)(1), improperly sentenced a defendant without benefit of a sentencing guideline scoresheet. See, e.g., Sanchez v. State, 480 So.2d 704 (Fla. 3d DCA 1985) (trial court committed reversible error in imposing sentence without benefit of a sentencing guidelines scoresheet); Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985) (sentence vacated and remanded for resentencing where trial court failed to prepare a scoresheet to be considered prior to the imposition of a sentence); Newsome v. State, 473 So.2d 709 (Fla. 2d DCA 1985) (where record did not disclose whether trial court knew defendant's presumptive sentence before sentencing him outside guidelines to maximum legal penalty and trial court prepared no scoresheet, sentence was vacated and remanded).
The State argues that the "concurrent sentence doctrine," expressed in Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980), should apply in the instant case since Uptagrafft's 15 year sentence for lewd assault was to run concurrently with his other 25 year sentence which he received for his capital sexual battery conviction. The State's contention is unpersuasive for several reasons. First, the decisions upon which the State relies, Jacobs v. State, supra, and Foxx v. State, 392 So.2d 48, 49 (Fla. 3d DCA 1981), both preceded the existence of the sentencing guidelines which were instituted in 1983 as well as Rule 3.701(d)(1), which came into existence during the same year. Hence, neither Jacobs nor Foxx concerned the issue directly before the court, which is whether the concurrent sentence doctrine applies in situations where a trial court fails to prepare a scoresheet. Indeed, neither of these decisions could have addressed the issue since the requirement of completing a scoresheet prior to sentencing was not then in force. Further, Rule 3.701 expressly requires a scoresheet as indicated by Sanchez v. State, Barr v. State, and Newsome v. State. Consequently, neither Jacobs nor Foxx are persuasive authority for purposes of the instant appeal. For these reasons, Uptagrafft's 15 year sentence for lewd assault is remanded for resentencing after preparation of a proper sentencing guidelines scoresheet.
MILLS and JOANOS, JJ., concur.