MILLS, Judge.
Brooks appeals from convictions and sentences for capital sexual battery, lewd assault upon a child, and false imprisonment. We find no merit in Brooks’ argument concerning the testimony of the victim. We find, however, that the trial court erred in sentencing Brooks for lewd assault and false imprisonment without the benefit of a sentencing guidelines scoresheet.
For capital sexual battery, the trial court sentenced Brooks to life in prison with a mandatory minimum sentence of 25 years. The trial court also imposed concurrent prison sentences of 15 years for lewd assault and 5 years for false imprisonment. No scoresheet was prepared, but defense counsel did not object when the lesser sentences were imposed without regard to the sentencing guidelines.
We held in Uptagrafft v. State, 499 So.2d 33 (Fla. 1st DCA 1986), that it is reversible error for the trial court to sentence a defendant for offenses subject to the sentencing guidelines without first approving a sentencing guidelines scoresheet as required by Florida Rule of Criminal Procedure 3.701(d)(1). We also held that the issue does not have to be raised at the trial level to be considered on appeal, and that the issue is not rendered moot when the improperly imposed sentences run concurrently with a greater and properly imposed mandatory minimum sentence.
We therefore vacate the sentences for lewd assault and false imprisonment on authority of Uptagrafft, and remand for resentencing after preparation and approval of a sentencing guidelines scoresheet. All convictions and the sentence for sexual battery are affirmed.
ERVIN and WIGGINTON, JJ., concur.