PER CURIAM.
Sanchez appeals his convictions and sentence for credit card theft and possession of marijuana and cocaine. We affirm the final judgment subject to the modification explained below.
Sanchez first contends that the trial court erred in denying his motion to suppress evidence seized as a result of the police officer’s stop of his vehicle for a traffic violation. We affirm the trial court’s order denying Sanchez’s motion to suppress. The officer’s “plain view” perception of a handrolled marijuana cigarette in Sanchez’s shirt pocket provided sufficient probable cause to arrest Sanchez and conduct an inventory search of Sanchez’s automobile. Texas v. Brown, 460 U.S. 730, *674 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); P.L.R. v. State, 455 So.2d 363 (Fla.1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); Council v. State, 442 So.2d 1072 (Fla. 3d DCA 1983).
We agree with Sanchez that the trial court erred in categorizing the offense of credit card theft as a third-degree felony for violation of section 817.60, Florida Statutes (1985). The information clearly charged Sanchez with the unlawful receipt of a single credit card. Because the charge involves only one credit card, Sanchez must be adjudicated guilty of a first-degree misdemeanor under section 817.67(1), Florida Statutes (1985), and not a third-degree felony under section 817.67(2), Florida Statutes (1985). Sanchez is entitled to have this error in the final judgment corrected to reflect a first-degree misdemeanor although this modification does not result in any change in the sentence imposed. We remand with directions for the trial court to modify the judgment in accordance with these views.
Affirmed as modified and remanded.