PER CURIAM.
This is an appeal by the defendant Rodney Redmon from final judgments of conviction and sentences for capital sexual battery (three counts), child abuse, solicitation of sexual battery (two counts), and lewd and lascivious conduct (three counts), which were entered below based on an adverse jury verdict. The defendant raises two points on appeal.
First, the defendant contends that the trial court erred in denying the defendant’s motion for a mistrial when the prosecuting attorney referred to the defendant as a “perverted person” in her closing argument to the jury. We disagree because the subject comment was, in fact, a fair comment based on the evidence adduced at trial as to the shocking sexual acts which the defendant had committed against his two children. See Breedlove v. State, 413 So.2d 1, 8 (Fla), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Darden v. State, 329 So.2d 287, 290-91 (Fla. 1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977); Tacoronte v. State, 419 So.2d 789, 792 (Fla. 3d DCA 1982).
Second, the defendant contends that the trial court erred in sentencing him on the non-capital crimes for which he was convicted without benefit of a sentencing scoresheet. We entirely agree; indeed, the state confesses error on this point. Lamb v. State, 532 So.2d 1051 (Fla.1988); Brooks v. State, 505 So.2d 639 (Fla. 1st DCA 1987).
The final judgments of conviction and consecutive life sentences for capital sexual battery (three counts) are therefore affirmed. The remaining final judgments of conviction are also affirmed, but the sentences imposed thereunder are reversed and the cause is remanded to the trial court with directions to resentence the defendant on such convictions with use of a sentencing scoresheet.
Affirmed in part; reversed in part and remanded.