STONE, Judge,
dissenting.
I would affirm. I cannot conclude that the trial court erred by denying the motion to suppress.
Officer Witt testified that it appeared that Appellant was concealing a controlled substance. In addition to observing Appellant’s furtive conduct in concealing the plastic container down his pants, Officer Witt questioned Appellant for several minutes, confronting him with what the officer had observed, while Appellant insisted that he did not know what the officer was talking about and that he did not stick anything down his pants. The officer could reasonably conclude that the totality of these circumstances furnished probable cause to handcuff Appellant and conduct the search. Based on his experience, the officer could conclude that a crime was probably (more likely than not) being committed in his presence, even though he could not know what was concealed in the bag secreted in Appellant’s pants. See generally Cross v. State, 560 So.2d 228 (Fla.1990); P.L.R. v. State, 455 So.2d 363 (Fla.1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); Elliott, 597 So.2d at 916; State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981); I.T. v. State, 614 So.2d 582 (Fla. 3d DCA 1993); Council v. State, 442 So.2d 1072 (Fla. 3d DCA 1983).
Certainly, suspicious movement alone, in an otherwise innocent context, does not fur *792 nish sufficient cause for a seizure and search. E.g., Popple, 626 So.2d at 185; Ruddock v. State, 537 So.2d 701 (Fla. 4th DCA 1989). However, the facts in this case are sufficiently incriminating to distinguish it from those in which an officer is found to have acted on a hunch or bare suspicion.