719 So.2d 1243 (1998)
Mark Anthony BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1981.
District Court of Appeal of Florida, Fifth District.
October 9, 1998.
*1244 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant pled nolo contendere to possession of cocaine with intent to sell or deliver, specifically reserving his right to appeal the denial of his dispositive motion to suppress. We affirm.
Agent Black (Black) of the Orange County Sheriff's Office was given a pager number by a confidential informant, which number allegedly belonged to a drug dealer. Posing as a would be buyer, Black used the number to arrange a cocaine buy. He testified that he had two phone conversations with the suspected dealer, and from the speech patterns, he concluded that the person he spoke with was a black male. When Black asked the suspect what kind of car he would be driving, he was told "we'll find you", thus leading him to believe that more than one person would be in that vehicle. Black agreed to meet the suspected dealer at a local shopping center, describing his car in detail, and specifying a spot in the shopping center parking lot where there was little activity. Black parked his car diagonally across several spaces so that it would stand out, and testified that no other cars were parked within two or three spaces on either side of his car.
When the suspected dealer had not arrived almost an hour past the designated time, Black went to a pay phone within sight of his car, and called the number again. Shortly thereafter, a car operated by defendant, a black male, and with several other occupants, drove into the parking lot, drove the entire parking lot from east to west, then pulled up directly alongside Black's vehicle. Defendant looked into Black's vehicle, then drove off. He then circled the lot again, pulled up along side of Black's car again, and took a longer look into his car. Seeing no one in the car, defendant drove off and left the parking lot. Black radioed to a patrol officer who was part of his team, who then stopped *1245 defendant's vehicle. After a K-9 dog alerted to drugs, the car was searched and the evidence discovered. Appellant argues only that there was no reasonable suspicion to justify the stop, and that the subsequent search was illegal.
To conduct a lawful investigatory stop or detention, an officer must have an articulable, reasonable suspicion that the subject detained has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Reynolds v. State, 592 So.2d 1082 (Fla.1992). "Reasonable suspicion" is such suspicion as would warrant a person of reasonable caution in the belief that a stop is appropriate, and is a less demanding standard than that for probable cause. Johnson v. State, 696 So.2d 1271, 1273 (Fla. 5th DCA 1997).
In determining whether an officer has reasonable suspicion to justify an investigative stop, each case is evaluated on its particular facts. Reynolds, at 1084. The appropriate question in each case is whether the action was reasonable under the totality of the circumstances as interpreted in light of the officer's knowledge. Johnson, at 1273. Factors which may be considered to determine whether they reasonably suggest the suspect's possible commission of a crime include the location, the physical appearance of the suspect, the behavior of the suspect, the appearance and manner of operation of any car involved and anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge. Id. The facts before the court justified a conclusion that the actions of the driver which Black described, led Black to a reasonable suspicion that the driver of the vehicle was looking for him, and was not merely looking for a place to park, and that he was the person whom Black had arranged to meet.
A trial court's ruling on a motion to suppress is presumed to be correct. Johnson v. State, 438 So.2d 774, 776 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). A reviewing court must interpret the evidence and all reasonable deductions and inferences which may be drawn therefrom in a manner most favorable to the trial judge's conclusion. Johnson, supra; Shapiro v. State, 390 So.2d 344 (Fla.1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981).
The evidence before the trial court supports its conclusion that the stop was based on reasonable suspicion, and is therefore
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.