NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW MILTON DUNK,                      )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No.  2D15-4546
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
                                          )
_____       )

Opinion filed December 14, 2016.

Appeal from the Circuit Court for
Hillsborough County; Emmett Lamar
Battles, Judge.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


LaROSE, Judge.


        Matthew Dunk, via Anders[1] counsel, appeals his conviction and sentence

of twenty-four months' probation after a negotiated plea to possession of ten morphine

pills without a prescription and possession of drug paraphernalia.  See §§ 893.13(6)(a),

---

        [1]See Anders v. California, 386 U.S. 738 (1967); In re Anders Briefs, 581
So. 2d 149 (Fla. 1991).

893.147(1), Fla. Stat. (2014). He reserved for appeal the denial of his dispositive motion to suppress evidence. After examining the record before us, we find no issue upon which we can grant relief to Mr. Dunk. Therefore, we affirm.

At the hearing on the motion to suppress, Mr. Dunk testified that he and Susan Schulz were driving back from Walmart when his car started overheating. He stopped at a gas station at Bearss Avenue and 22nd Street in Tampa. While waiting for the engine to cool down, Mr. Dunk and Ms. Schulz went for a walk around the area. As they were walking back toward the car, they saw Tampa Police Officers Vasconi and Dennie exit their patrol car and walk toward them. Officer Dennie asked them to stop. He grabbed a bag Mr. Dunk was carrying, said, "Let me see this," and immediately started looking through it without Mr. Dunk's consent. Ms. Schulz testified, too, and corroborated Mr. Dunk's testimony.

Officer Vasconi testified that she saw Mr. Dunk walking in an area of high drug activity. She exited the patrol car and made consensual contact with Mr. Dunk. Officer Vasconi did not see Mr. Dunk committing any crime. She asked him if he had anything illegal on his person. When Mr. Dunk said no, she asked if she and Officer Dennie could search him. Officer Vasconi claimed that both Mr. Dunk and Ms. Schulz consented to be searched. When he testified at the hearing, Officer Dennie echoed Officer Vasconi's testimony.

After hearing the testimony, the trial court denied the motion to suppress, finding the officers' testimony more credible than that presented by Mr. Dunk and Ms. Schulz. "[T]his Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." Griffin v. State, 114 So. 3d 890, 905 (Fla.

2013) (quoting <u>Lowe v. State</u>, 2 So. 3d 21, 30 (Fla. 2008)).  We cannot say that the trial court abused its discretion.  Therefore, we affirm.

Affirmed.


SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.