NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )        Case No.  2D16-5036
                                     )
EMMET ZACHERY,                       )
                                     )
            Appellee.                )
_____ )

Opinion filed July 25, 2018.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter N. Koclanes,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender, and
Richard P. Albertine, Jr., Assistant Public
Defender, Bartow, for Appellee.


LaROSE, Chief Judge.

        The State appeals the trial court's order granting Emmet Zachery's motion

to suppress evidence.  We have jurisdiction.  See Fla. R. App. P. 9.140(c)(1)(B).  As

explained below, the trial court erred in granting the motion.  Accordingly, we reverse.

## I. Procedural and Factual Background

The State charged Mr. Zachery with tampering with physical evidence. See § 918.13, Fla. Stat. (2016). Mr. Zachery filed a motion to suppress evidence (i.e., hand-rolled spice joints), arguing that it was obtained through an illegal stop and search. At an evidentiary hearing on the motion, the arresting officer, Kurt Bradshaw, testified to the following facts.

Early on a summer evening, Officer Bradshaw was on patrol, driving his cruiser near downtown St. Petersburg in the area of a homeless shelter. He saw Mr. Zachery talking with another male. Officer Bradshaw had no prior contact with Mr. Zachery. He recognized the other person, however, as someone he had arrested before for drug offenses. When Officer Bradshaw initially drove by the two men, from five to ten feet away, he saw that Mr. Zachery had his hand extended, palm up, holding what Officer Bradshaw described as several hand-rolled spice joints.

Officer Bradshaw made a U-turn and parked his cruiser on the street. Seeing Officer Bradshaw, Mr. Zachery immediately started to walk away. Officer Bradshaw exited his cruiser and called to Mr. Zachery. When Mr. Zachery stopped, Officer Bradshaw saw what appeared to be the spice joints in Mr. Zachery's clenched right hand. Officer Bradshaw then asked Mr. Zachery to "[j]ust drop them to the ground." Mr. Zachery "bladed" his body, as if using his body to place himself between Officer Bradshaw and Mr. Zachery's own right hand. Officer Bradshaw was concerned that Mr. Zachery was attempting to hide the spice joints and was going to either run or punch him.

At that point, Officer Bradshaw grabbed Mr. Zachery and put him against the cruiser to place him under arrest for possession of contraband. Mr. Zachery

- 2 -

crumbled the joints in his right hand and tried to throw them over a chain-linked fence. Mr. Zachery failed to clear the fence. Officer Bradshaw recovered the items and identified them as nine hand-rolled spice joints. Upon arresting Mr. Zachery, Officer Bradshaw discovered another spice joint in Mr. Zachery's pocket.

Officer Bradshaw was a thirteen-year veteran of the St. Petersburg Police Department. He received extensive training in narcotics and narcotics detection. He had patrolled this area of St. Petersburg for three years. According to Officer Bradshaw, the area is known for its spice usage and sales. During the three years working in the area, Officer Bradshaw made "hundreds" of spice arrests and had been involved in spice-related incidents on a daily basis. Officer Bradshaw testified that, in his experience, he has only ever found spice in hand-rolled items recovered in the area. Officer Bradshaw testified that, based on his experience and training, spice joints are clearly distinguishable from hand-rolled cigarettes; they are thinly shaped and look like a lollipop stick.

The State admitted the spice joints into evidence. The trial court examined them and concluded that they were indistinguishable from cigarettes. Consequently, the trial court found that Officer Bradshaw had conducted an illegal stop when he asked to speak with Mr. Zachery as no probable cause existed to believe that Mr. Zachery had committed or was committing a crime. The trial court also found that Officer Bradshaw conducted an illegal search when he asked Mr. Zachery to drop the alleged contraband. The trial court reasoned that there was no reason to detain Mr. Zachery merely because the stop occurred in an area known for spice use and sales. The trial court suppressed the evidence and the State appealed.

- 3 -

## II.  Analysis

*A.  Whether Officer Bradshaw was Justified to Stop.*

The State maintains that Officer Bradshaw's initial contact with Mr. Zachery was consensual.  The State also contends that Officer Bradshaw's request that Mr. Zachery drop the spice joints was not an illegal search because the officer had reasonable suspicion to then proceed with an investigatory stop.  More specifically, the State argues that Officer Bradshaw had reasonable suspicion to order Mr. Zachery to drop the spice joints based on the facts and circumstances known to Officer Bradshaw.  Mr. Zachery, on the other hand, contends that Officer Bradshaw lacked reasonable suspicion or probable cause to believe that Mr. Zachery had committed a crime.

"When reviewing a motion to suppress, the standard of review for the trial court's application of the law to its factual findings is de novo, but a reviewing court must defer to the factual findings of the trial court that are supported by competent, substantial evidence."  Duke v. State, 82 So. 3d 1155, 1157-58 (Fla. 2d DCA 2012) (quoting Bautista v. State, 902 So. 2d 312, 313-14 (Fla. 2d DCA 2005)).

A consensual encounter is an encounter between a police officer and an individual where a citizen is free to leave; a well-founded suspicion of criminal activity is not required.  Popple v. State, 626 So. 2d 185, 186-87 (Fla. 1993).  An investigatory stop occurs when an officer temporarily detains a citizen based on a reasonable suspicion that the citizen has committed, was committing, or is about to commit a crime.  Id. at 186.  A reasonable suspicion is "a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge."  Bailey v. State, 717 So. 2d 1096, 1097 (Fla. 5th DCA 1998) (emphasis added); see also United States v. Cortez, 449 U.S. 411, 418

(1981) ("[T]he evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."). We consider various factors to assess "reasonable suspicion." See Brown v. State, 719 So. 2d 1243, 1245 (Fla. 5th DCA 1998) (observing relevant factors such as "the location, the physical appearance of the suspect, the behavior of the suspect . . . and anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge" (emphasis added)); see also Santiago v. State, 941 So. 2d 1277, 1279 (Fla. 4th DCA 2006) (considering the time, day of the week, location, the suspect's physical appearance, and the suspect's behavior in determining whether reasonable suspicion exists). We should not ignore factors such as "the officer's narcotics experience; the reputation of the location for drive-up transactions; . . . the history of previous multiple arrests from that site;" and "[a] suspect's flight from an officer." Huffman v. State, 937 So. 2d 202, 206 (Fla. 1st DCA 2006) (first quoting Burnette v. State, 658 So. 2d 1170, 1171 (Fla. 2d DCA 1995); then citing Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000)).

The circumstances observed and known by Officer Bradshaw justified an investigatory stop. Officer Bradshaw observed Mr. Zachery holding what appeared to be spice joints. Cf. Sanchez v. State, 507 So. 2d 673, 673 (Fla. 3d DCA 1987) ("The officer's 'plain view' perception of a hand[-]rolled marijuana cigarette in Sanchez's shirt pocket provided sufficient probable cause to arrest Sanchez and conduct an inventory search of Sanchez's automobile."). Officer Bradshaw had extensive experience and training with narcotics. In virtually all of the hundreds of arrests Officer Bradshaw made in that area, he had always discovered spice in hand-rolled joints. Based on his

experience, he was able to identify the items in Mr. Zachery's hand. Additionally, the area was known for spice use and transactions. Further, Mr. Zachery exhibited evasive behavior upon seeing Officer Bradshaw. See Wardlow, 528 U.S. at 124 (finding that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion").

Our determination is based on, as it should be, the totality of the circumstances as interpreted in light of Officer Bradshaw's knowledge and experience. See Brown, 719 So. 2d at 1245. Accordingly, the trial court's observation and opinion that the spice joints were indistinguishable from cigarettes is not determinative as to whether a well-founded articulable suspicion of criminal activity existed. Cf. State v. Fischer, 987 So. 2d 708, 713 (Fla. 5th DCA 2008) ("Whether [the officers] knew for certain it was cocaine or whether it was within the realm of possibilities that the substance could have been something other than cocaine is not the standard; the proper standard is whether 'the facts available to the officer would lead a reasonable man of caution to believe that certain items may be contraband.' Here, instead of basing its ruling on the credibility of the officers, or lack thereof, the trial court granted the motion based on a misapprehension of the applicable law." (quoting State v. Walker, 729 So. 2d 463, 464 (Fla. 2d DCA 1999))).

Officer Bradshaw's personal observations, coupled with Mr. Zachery's evasive behavior in a high-crime area, created a reasonable suspicion that Mr. Zachery had committed, was committing, or was about to commit a violation of the criminal laws of this state. Cf. P.L.R. v. State, 455 So. 2d 363, 366 (Fla. 1984) (holding that the officer had probable cause to arrest the defendant where "the officer was at a narcotics transaction site, making a narcotics arrest, when he observed the envelope in the

defendant's pocket"; and where the officer "testified that the only thing he had ever seen these envelopes used for at this location was narcotics transactions").  Therefore, Officer Bradshaw conducted a proper investigatory stop when he asked Mr. Zachery to stop.

*B. Whether Officer Bradshaw had Probable Cause to Arrest Mr. Zachery and Seize the Spice Joints.*

The State argues that Officer Bradshaw had probable cause to grab and arrest Mr. Zachery and seize the spice joints based on the facts that justified the investigatory stop and, in addition, because of Mr. Zachery's "elusive behavior to hide and destroy [the spice joints]."  Mr. Zachery contends that Officer Bradshaw's observations and knowledge, even coupled with Mr. Zachery's evasive maneuvers did not create probable cause to arrest.

An officer must have probable cause to arrest and search a person without a warrant.  Gomez v. State, 155 So. 3d 1184, 1187 (Fla. 4th DCA 2014). Probable cause exists where the totality of "the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed."  State v. Hankerson, 65 So. 3d 502, 506 (Fla. 2011) (alterations in original) (quoting State v. Betz, 815 So. 2d 627, 633 (Fla. 2002)). "[O]bservation of suspected contraband can suffice to provide an officer with probable cause if other circumstances exist to corroborate the officer's suspicion."  Parker v. State, 693 So. 2d 92, 94 (Fla. 2d DCA 1997).  "Relevant to this inquiry is the officer's specific experience with respect to the particular narcotic in question."  Doctor v. State, 596 So. 2d 442, 445 (Fla. 1992).  The State must present more, however, than a "naked

subjective statement" by the officer that he had a feeling based on his experience. See id. (finding that the State provided the specific factual basis of the officer's experience to establish probable cause where the officer "offered specific statistics evidencing his significant experience with this particular aspect of drug trafficking").

Mr. Zachery's reliance on Carr v. State, 353 So. 2d 958 (Fla. 2d DCA 1978), is misplaced.[1]  In Carr, we held that seeing two twisted cigarettes in the vehicle, without any more facts, was not enough to provide the officer with probable cause to search the vehicle, seize the paraphernalia within it, and to arrest the defendant. Id. at 959.  The officer in Carr testified that he "knew" the cigarettes contained marijuana but he failed to testify to any facts or experience to support that claim. Id.  "[T]here was no evidence that the search[] and seizure[] in [Carr] occurred at [a] narcotics-transaction site[] where the type of container seized was utilized as a principal means to convey narcotics." P.L.R., 455 So. 2d at 366.

In contrast, Officer Bradshaw's testimony is similar to an officer's testimony in Adams v. State, 375 So. 2d 638 (Fla. 1st DCA 1979).  In Adams, the officer searched and arrested the defendant after he observed half of a plastic baggie containing a number of small hand-rolled cigarettes protruding from defendant's sweater pouch. Id. at 639.

> The officer testified that the area was a high crime area; it was uncommon to find hand-rolled cigarettes not to be marijuana in that area; it was common to find marijuana cigarettes carried in baggies; and that from his experience, the cigarettes looked like marijuana cigarettes because of the way they were rolled.

---

[1]The Fourth District certified conflict with Carr in P.L.R., 435 So. 2d at 854, and the Third District disagreed with Carr in Council v. State, 442 So. 2d 1072, 1073 (Fla. 3d DCA 1983).

Id. The officer "had been patrolling the area for three years and had made from 50 to 100 narcotic arrests." Id. The court held, "the hard facts as testified to by [the officer] gave him probable cause to believe that an offense was being committed in his presence," even though the officer had not actually seen the marijuana before concluding that the defendant was in possession of marijuana. Id.

Like the officer in Adams, Officer Bradshaw testified that he had been patrolling the area for three years, that he had made hundreds of spice-related arrests in the area, that the area was a high-crime area, that it was uncommon to find hand-rolled joints not containing spice in that area, and that he believed, from his experience, the joints were spice joints because of the way they looked and were rolled. The facts and circumstances within Officer Bradshaw's knowledge gave Officer Bradshaw probable cause to believe that Mr. Zachery had or was committing a criminal offense in his presence. See Hankerson, 65 So. 3d at 506; Doctor, 596 So. 2d at 445; Adams, 375 So. 2d at 639. Thus, Officer Bradshaw legally arrested and searched Mr. Zachery. See Huffman, 937 So. 2d at 208.

### III. Conclusion

The trial court erred in granting the motion to suppress. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.


ROTHSTEIN-YOUAKIM, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.

SILBERMAN, Judge, Concurring specially.

I agree with the majority's conclusion that the order granting Zachery's motion to suppress must be reversed because the totality of the circumstances justified Zachery's stop, arrest, and search. Further, I agree that the trial court's observation that the spice joints were indistinguishable from hand-rolled cigarettes, based on the court's own opinion, cannot be the basis for the suppression order.

Other than making the observation regarding the spice joints, the trial court made no findings as to the evidence presented at the suppression hearing. Specifically, the court did not reject the credibility of the officer who testified as to his training, experience, and the circumstances that he encountered. Had the court determined that the testimony was not credible, then an order granting suppression likely would be upheld as credibility is within the province of the trial court. See Dunk v. State, 206 So. 3d 166, 166 (Fla. 2d DCA 2016); Wilson v. State, 191 So. 3d 537, 538 (Fla. 1st DCA 2016). But in this case, the court's observation as to the spice joints, standing alone and unsupported by any evidence or a finding that the officer's testimony was not credible, does not provide a basis for the order granting suppression.